[Civ. No. 5987.   Fourth Dist.   Mar. 24, 1959.]

ELAYNE H. MOXLEY, Plaintiff; WOODROW W. BAIRD, as Executor, etc., Appellant, v. WILLIAM ROBERTSON, Respondent.

C. Duane Mooney for Appellant.

Stratton, Taylor & Battin and David H. Battin for Respondent.

STONE, J. pro tem.*—Plaintiff Elayne H. Moxley purchased two Intertype machines and appurtenant equipment from the Intertype Corporation on a conditional sales contract. The terms of this conditional sales contract prohibited removal of the machines from their location in Long Beach and further prohibited assignment of the vendee's interest. On July 21, 1956, the machinery was moved from Long Beach to defendant Robertson's place of business in Seal Beach. It appears from the record that the conditional vendor knew of and consented to the removal of the machinery.

There is conflicting evidence about the circumstances which led to the removal of the machines to defendant's place of business. Moxley contended that the move was made with an oral agreement that the Moxley and Robertson printing establishments would merge. Robertson contended that Moxley sold her interest in the machines to him. This was the principal

---

*Assigned by Chairman Judicial Council.

issue involved in the trial and it was resolved by the court in favor of defendant Robertson.

The action was tried by the court sitting without a jury and judgment was entered in favor of the defendant for damages in the sum of $5,200 and for the return of the machines. If delivery should be unenforceable, additional damages were fixed in the sum of $9,827.

After the judgment had been entered plaintiff Briggs died and Woodrow W. Baird was appointed executor of his estate. As such executor he was substituted in the place of the plaintiff, Earl H. Briggs, and has perfected this appeal.

Shortly before filing this action Moxley agreed to sell her interest in the machines to Earl H. Briggs. Briggs paid $500 to Moxley's attorney on the purchase price and was to pay the balance of the purchase price after the machines were delivered to him. If the machines were not delivered to him, the $500 was to be returned to Briggs, the purchase of the machines being contingent upon possession being delivered to Briggs. The property was seized by the sheriff, and after the seizure, the machines were delivered to Briggs. Briggs then paid the balance of the purchase price to Moxley. The Intertype Corporation subsequently made a new conditional sales contract for the machinery with Briggs. Briggs retained possession of the machines until the sheriff returned them to Robertson pursuant to a writ of execution issued upon the judgment in this action.

Appellant urges a reversal of the judgment upon the following grounds:

1. There was a conflict between the interests of appellant and his coplaintiff and, as the same attorney represented both of them until after the trial had terminated, appellant's interests were not protected and he is entitled to a reversal.

2. Appellant urges that the action should be reversed and dismissed as to him because (a) There was a misjoinder of parties plaintiff; and (b) Appellant, as a plaintiff, failed to state a cause of action in his own complaint.

3. Insufficiency of the evidence to support the judgment.

█ The first specification of error presents a serious charge against the attorney who represented appellant in all of the proceedings up to the motion for a new trial. He is alleged to have represented clients with conflicting interests, favoring the plaintiff Moxley, and preventing appellant from receiving a fair trial. This ground of appeal must be resolved by a determination of whether or not the interests of the two plain-

tiffs were conflicting to the extent that an attorney could not conscientiously represent both of them.

The plaintiff Moxley agreed to sell her equity in the equipment to plaintiff Briggs, who made a down payment or a part payment on account. At that time defendant Robertson had possession of the equipment and unless Moxley could recover the property from the defendant, she could not complete the sale and transfer possession to appellant. Moxley elected to file a claim and delivery action for possession of the property in order to deliver it to appellant. Moxley, of course, was required to file a bond but she was unable to obtain one apparently because of the condition of her financial affairs. Appellant Briggs agreed to join her as a plaintiff in the claim and delivery action. A bond was obtained and they filed a claim and delivery action as coplaintiffs against the defendant. This maneuver was jointly planned and the sole purpose was to sell the equipment to plaintiff Briggs. Both plaintiffs were intent upon wresting possession from defendant in order to complete their transaction. They hired Moxley's attorney to execute the maneuver. Because of their joint purpose, it does not appear that the interests of the two plaintiffs conflicted in the manner contemplated by the court in the case of *Hammett* v. *McIntyre*, 114 Cal.App.2d 148 [249 P.2d 885], which has been cited by appellant in support of his contention. In that case one firm of attorneys, at their own instance, suggested to joint defendants that the firm arrange to represent both defendants. The ultimate interests and objectives of the two defendants were in conflict and the attorneys should not have suggested that they represent both. In the case before us the two plaintiffs sought to accomplish a common end result and engaged the services of a single attorney to implement their joint plan. The grievous result is proof that the action was misconceived.

Appellant's argument in the final analysis is that he was ill advised and that he would have been wise to have refused to join his coplaintiff in the action. The character and quality of the advice he received is not an issue before this court. That he would have been better off not to have entered into the transaction with his coplaintiff does not in and of itself constitute a conflict of interest in the sense contemplated by Business and Professions Code, section 6068, or Rules of Professional Conduct, 33 Cal.2d 27-31.

Appellant's second contention consists of two assignments of error which are best considered together. They are (a) There has been a misjoinder of parties plaintiff; and (b)

Appellant's complaint does not state a cause of action. Appellant contends he is entitled to raise both of these questions for the first time on appeal and that each ground warrants a reversal of the judgment and a dismissal of the action.

These alleged defects in the complaint were urged by the defendant-respondent by way of demurrer and the alleged failure to state a cause of action was raised a second time by defendant's motion for a nonsuit. Plaintiff-appellant successfully resisted these attacks against the sufficiency of these pleadings in the trial court. On this appeal the positions of the parties are reversed in that it is the plaintiff who now alleges that his own complaint is defective. He observes that no appellate court has decided whether a plaintiff can by appeal attack the sufficiency of his own complaint as to either a misjoinder of party plaintiffs or a failure to state a cause of action. We presume the observation to be correct in that no cases have been cited nor has the court by independent research been able to find any authority touching on these points. However, it seems clear that the questions must be answered in the same manner and for the same reasons as would be the case had the point been made in the trial court after the issues had been joined.

Section 581, subdivision 1, of the Code of Civil Procedure, insofar as is pertinent to this action, provides:

"*Dismissal.* An action may be dismissed in the following cases:

"1. *Plaintiff.* By plaintiff, by written request to the clerk, filed with the papers in the case, or by oral or written request to the judge where there is no clerk, at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; provided, that a counter claim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. . . ."

Even a dismissal with prejudice may not be filed after the defendant has sought affirmative relief by his answer according to subdivision 5 of section 581, Code of Civil Procedure, which reads:

". . . Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein. . . ."

Defendant in his answer affirmatively alleged his ownership of the property and demanded its return or its value. Defendant also asked to recover the cost of installing the ma-

chinery in his premises and for loss of use covering the period plaintiffs withheld possession. Each of these affirmative allegations was directed to each plaintiff so that defendant did seek affirmative relief by his answer from this appellant. Although defendant pleaded these allegations by way of affirmative *defense*, they constitute pleadings for affirmative relief under the decisions in this state. In a similar pleading situation it was held in *Guardianship of Lyle*, 77 Cal.App.2d 153, 155 [174 P.2d 906] :

"Most of the California cases assume that a pleading seeking affirmative relief is in the form of a cross-complaint, but it is not the generally designated name of the pleading which controls—the controlling factor is whether affirmative relief is requested. In *Rodgers* v. *Parker*, 136 Cal. 313 [68 P. 975], an answer to a cross-complaint prayed for affirmative relief; it was held that the cross-complaint could not be dismissed without the consent of the parties who had prayed for affirmative relief in the answer. Similarly, in *Aten* v. *Aten*, 69 Cal.App.2d 589 [159 P.2d 672], an action to cancel a property settlement agreement for declaratory relief, an answer, praying that plaintiff take nothing and averring that plaintiff had no title or interest in the property other than as provided in a certain contract was a sufficient request for affirmative relief to preclude plaintiff from dismissing the action as a matter of right. . . ."

The rule enunciated by section 581 of the Code of Civil Procedure, and cases cited, which govern an attempted dismissal before trial but after the issues are joined, applies when the case is in the appeal stage, for the same reasons and with more compelling force. The reasons are more compelling because the issues have been joined, litigated and, in this case, the affirmative relief prayed for has been granted. It would be a most unusual departure from settled principles of judicial procedure to permit an appellant to evade a judgment against him by a dismissal in the manner sought by appellant in this case.

Appellant's final contention is that the judgment is not sustained by the evidence. In this connection he first asserts that respondent's testimony that he bought Mrs. Moxley's interest in the equipment, valued at many thousands of dollars, for the sum of $1.00 and the promise to assume the obligations of the conditional sales contract are so incredible that it can be said there is no substantial evidence to support the trial court's finding that Mrs. Moxley had sold her interest

to him. However, there was testimony that the sale or assignment of the contract was part of a larger transaction, including other personal property. The court could have well believed the testimony of the defendant regarding the sale of the items of equipment involved in this case. Certainly, there was conflicting evidence concerning the sale and as to what items of tangible or intangible personal property were sold in the course of the transaction. Then too, the defendant's testimony was corroborated by a woman who had been his secretary at the time the events occurred. She testified that she heard much of the conversation concerning the sale; that she typed up documents of transfer; and that she personally paid the $1.00 consideration to Mrs. Moxley.

This court will not disturb the findings of the trial court when there is substantial evidence to support them, even though there is strong conflicting evidence to the contrary. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183] ; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

Appellant makes one other argument regarding the alleged insufficiency of the evidence which is based upon a point of law. The conditional sales contract by which Mrs. Moxley bought the machinery prohibits a sale or transfer by the conditional vendee without the consent of the conditional vendor. It is argued that the evidence does not disclose a consent by the conditional vendor of the Moxley sale to defendant. In support thereof appellant cites the fact that after he took possession of the property pursuant to the claim and delivery action, the conditional vendor did consent in writing to Moxley's sale to him. Thus appellant contends the evidence does not sustain the finding that title rested in the defendant. However, the evidence does disclose that the conditional vendor had knowledge of the sale by Moxley to defendant and impliedly gave its consent. Upon this evidence the trial court found that title did pass to defendant and such title was valid as against any subsequent title emanating from Moxley. Transactions between appellant and the conditional vendor occurring after seizure of the property through the claim and delivery action have no bearing on the issue of title at the time of the original taking.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1959.