699 P.2d 1318

**SCHOOLHOUSE EDUCATIONAL AIDS, INC., Plaintiff/Appellee,**

v.

**Frederick HAAG, Defendant/Appellant.**

**Frederick HAAG, Third-party Plaintiff/Appellant,**

v.

**KRONES REALTY CORPORATION, an Arizona corporation; Harry O. Schwimmer; Budd Krones; Michael V. Goldman and Glorida A. Goldman, husband and wife, Third-party Defendants/Appellees.**

No. 2 CA–CIV 5025.

Court of Appeals of Arizona, Division 2, Department B.

March 27, 1985.

Little, Fisher & Siegel, P.C. by Ronald Siegel, Tucson, for plaintiff/appellee.

Gregory D. Lantz, P.C. by Gregory D. Lantz, Tucson, for defendant/appellant and third-party plaintiff/appellant.

Murphy & Hazlett by Howard T. Roberts, Jr. and Little, Fisher & Siegel, P.C. by Ronald Siegel, Tucson, for third-party defendants/appellees.

LACAGNINA, Judge.

In this case Schoolhouse Educational Aids, Inc. (SEAI) filed a complaint on October 9, 1980, naming Jeanette Thibodeau Dursee and Frederick Haag as defendants. The complaint alleged that Dursee owed SEAI the balance of a promissory note resulting from the purchase of a business and that Haag was a subsequent purchaser from Dursee and in possession of personal property listed as collateral securing the promissory note of Dursee to SEAI. SEAI applied for and was given a writ of replevin which was executed and the personal property described as collateral for the note was taken from Haag's possession. Additional parties were joined in the action by Dursee. It serves no purpose to name them at this time but it suffices to state that a settlement by stipulation was reached between SEAI and all parties other than Haag, and the claims of SEAI and all other parties were dismissed. SEAI then sought to dismiss the complaint against Haag by a motion to dismiss pursuant to Rule 41(a)(2), Rules of Civil Procedure, 16 A.R.S. The motion was granted over objection, and judgment was entered on June 3, 1983. During the pendency of this action, Haag made a motion to amend his

answer and cross-claim and to file a third-party complaint. The initial motion and all renewals of the motion were denied.

The relevant facts upon which we reverse the trial court's order of dismissal for an abuse of sound judicial discretion and affirm the denial of the motions to amend are the following:

1. SEAI, in addition to filing the complaint, filed a petition seeking a provisional remedy in the nature of replevin for the collateral securing the promissory note.

2. An order approving a provisional remedy was signed without notice by the Pima County Superior Court judge on October 9, 1980, and approved after a hearing requested by Haag on October 24, 1980.

3. Writ was issued and executed and the sheriff seized the property from Haag and delivered it to SEAI.

4. Haag filed an answer and cross-claim on October 29, 1980, denying among other things that the unpaid balance of the note sued upon was immediately due and payable or that the note was in default and alleged the affirmative defenses of waiver, estoppel, fraud and misrepresentation.

5. On June 24, 1982, the superior court on stipulation of all parties except Haag entered an order exonerating the bond as required by A.R.S. § 12–1303 prior to issuing the writ of replevin.

6. Haag moved to set aside the order exonerating the bond and the motion was denied by the superior court on November 12, 1982.

7. Haag made motions to amend his pleadings to insert a counterclaim and third-party complaint which were denied on more than one occasion, the last being an order of the court of June 25, 1982, denying him the right to amend.

The issues before us are the following:

1. Did the court commit error in granting SEAI's motion to dismiss its complaint over the objection of Haag? To this we answer yes.

2. Did the court err in exonerating the replevin bond without Haag's consent? To this we answer yes.

3. Did the court err in refusing to grant Haag's motions to amend his pleadings? To this we answer no.

I. THE PURPOSE OF RULE 41(a)(2) IS PRIMARILY TO PREVENT VOLUNTARY DISMISSALS WHICH UNFAIRLY AFFECT THE PARTIES AND THE COURT SHOULD ENDEAVOR TO INSURE SUBSTANTIAL JUSTICE TO BOTH PARTIES.

When SEAI obtained the writ of replevin and seized the property in the possession of Haag, it did so pursuant to the appropriate Arizona statutes. In compliance with A.R.S. § 12–1301, SEAI alleged in the complaint the right to possession of specific personal property and that it had complied with the provisions of A.R.S. § 12–2402. After notice and hearing, the property was seized and the bond required by A.R.S. § 12–1303 was posted. The use of this provisional remedy did not take the place of a trial on the merits or on the issues raised by the pleadings. The wording of the replevin statutes clearly states that they are preliminary in nature and give the right of possession of the disputed property only until the matter is resolved by trial of the disputed issues. A.R.S. §§ 12–1307 and 12–1308. Because of the extraordinary nature of the issuance of a writ of replevin, general law has held that where a plaintiff has been put in possession of property under a writ, he cannot escape liability to the defendant by voluntarily dismissing his action. The reason given by the authorities is that after the property has been seized and delivered to plaintiff, the defendant has the right on application to the court to secure an inquiry into the validity of plaintiff's claim and a determination of his right to the property taken from his possession. By failure to prosecute, plaintiff should not deprive defendant of his right to establish title and right to possession and obtain a judgment for return of the property or its value and damages for the taking and withholding of the property. Doing this makes

good sense because if the rule were otherwise, a plaintiff under cover of legal process by use of the writ of replevin could perpetrate a fraud on the law and be allowed to keep the property taken from the possession of the defendant at the beginning of the suit without proving the allegations of his complaint. *Moxley v. Robertson,* 169 Cal.App.2d 72, 336 P.2d 992 (1959); 77 C.J.S. Replevin § 190(a) (1952). The Arizona statute on replevin, § 12–1303, requires the filing of a bond by the plaintiff in an amount and under the conditions stated and specifically contemplates that there will be a trial on the merits. It states in part that one of the conditions of the bond will be:

> "[T]hat *plaintiff will prosecute the action to effect,* and without delay, and for the return of the property to defendant if return thereof is adjudged, and in default of such delivery that plaintiff will pay the assessed value of the property and all damages for its taking and detention, and costs in the action, including reasonable attorney's fees." (Emphasis added). A.R.S. § 12–1303.

The specific language of the bond posted by SEAI with the Continental Insurance Company as surety further states:

> "Now, Therefore, if the said SCHOOL-HOUSE EDUCATIONAL AIDS, INC. *shall prosecute said action with effect,* and without delay, and return the property hereinbefore described to the officer making the levy, or his successor, if return thereof be adjudged, in as good a condition as he received it, and shall also pay the reasonable value of the use, hire, increase and fruits thereof from the date hereof, or in default thereof shall pay the defendants the value of said property, with legal interest thereon from the date of the bond, and will also pay all damages and costs that may be awarded

against THEm [sic], then this obligation shall be null and void, otherwise to remain in full force and effect." (Emphasis added).

The words "to effect" or "with effect" within the replevin statute mean "with success" or any other words or terms which mean the same thing. *Riggs v. Gardikas,* 78 N.M. 5, 427 P.2d 890 (1967). It should be obvious that when the language of the statute is compared with the language of the bond, the statute wording "to effect" and the bond wording "with effect" are synonymous. The bond protected Haag from damages in the event the pretrial taking was wrongful and he prevailed at a subsequent trial on the merits of SEAI's claim and Haag's answer.

An examination of Rule 41(a)(2) [1], urged by the parties herein as controlling the superior court's action, does not require a contrary result. While we agree that voluntary dismissal under Rule 41(a)(2) is directed to the sound discretion of the trial court, that discretion should be exercised judicially and in a manner that insures substantial justice to both parties. Traditionally, plaintiff had an unqualified right to dismissal unless defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Goodman v. Gordon,* 103 Ariz. 538, 447 P.2d 230 (1968), citing *Cone v. West Virginia Pulp and Paper Company,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947). The court in *Goodman* applied the traditional rule but concluded that only the most extraordinary circumstances justified the trial court in refusing to allow plaintiff to dismiss without prejudice. Therefore, the trial court in exercising its discretion would examine the facts of each case to determine whether plaintiff's dismissal would violate any of defendant's substantial legal rights. *Penunuri v. Superior Court in*

---

**1.** "2. Except as provided in paragraph 1 of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

*and for Pima County,* 115 Ariz. 399, 565 P.2d 905 (App.1977).

■ It is obvious from what occurred in the lower court that the granting of SEAI's motion for voluntary dismissal of its complaint which was the basis for the writ of replevin deprived Haag of a trial on the issues raised in his answer and was prejudicial. The action of the trial court was an abuse of discretion and resulted in SEAI's obtaining possession of the property by issuance of a writ of replevin and then dismissing the case and receiving an order of the court exonerating the bond without Haag's consent, all without benefit of complying with the provisions of the replevin statutes and the terms of the bond requiring prosecution of the case to a successful conclusion.

To the same effect, the order of the court exonerating the bond based upon stipulation of all the parties other than Haag is ineffective and non-binding on Haag. The bond remains effective pursuant to A.R.S. § 12–1303 until judgment has been entered pursuant to A.R.S. § 12–1307 and/or § 12–1308. The bond was given on the condition that SEAI would prosecute its claim. The orders of the court dismissing the action and exonerating the bond over Haag's objection deprived him of his right to disposition of the case on its merits and violates the requirements of the Arizona statutes which permitted the use by SEAI of the provisional remedy of replevin.

## II. HAAG'S REQUESTED AMENDMENT OF HIS PLEADINGS WAS ADDRESSED TO THE SOUND DISCRETION OF THE TRIAL COURT.

■ A review of the facts indicates that Haag's first motion to amend was made February 19, 1982, approximately 16 months after the filing of his answer, but more important, it was within weeks of the date set for the first trial on March 27, 1982. The second and third motions to amend were made approximately four

months after the trial date was vacated on June 15, 1982, and June 25, 1982, but again more important, it was within days of the call of the calendar to set a new trial date on June 28, 1982. We adhere to the principles set forth by our courts time and time again, more specifically in *Owen v. Superior Court of the State of Arizona,* 133 Ariz. 75, 649 P.2d 278 (1982), that leave to amend is discretionary but that amendments will be liberally allowed since trial on the merits of a claim is favored and amendments will be permitted unless there has been undue delay, dilatory action or undue prejudice.

■ Although mere delay is not justification in and of itself for denial of leave to amend, substantial prejudice to the opposing party is a critical factor used in determining whether an amendment should be granted. Such prejudice is the "inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation." *Owen,* supra, 133 Ariz. at 79, 649 P.2d at 282, quoting *Spitz v. Bache & Co.,* 122 Ariz. 530 at 531, 596 P.2d 365 at 366 (1979).

■ Although Haag's motions to amend were made months after the initial pleadings were filed and asked the court for permission to raise new issues of liability and bring in new parties to the action, he never offered, and we do not find in the record, reasons for the delay or excuses for not correcting his pleadings until immediately before a trial date or hearing to set a trial date. *Estate of Torstenson v. Valley National Bank,* 125 Ariz. 373, 609 P.2d 1073 (1980).

There were sufficient facts as noted above that prevent us from substituting our judgment for that of the trial court and sufficient to prevent us from determining that the action of the trial court should be reversed for an abuse of discretion. The case had been pending in the superior court from 1980 to 1983. The lower court was familiar with the parties and the motions to amend by Haag attempting to insert coun-

terclaims, cross-claims and third-party claims shortly before trial without excuse for the delay entitled the lower court to refuse the proffered amendments and we affirm that action.

The case is remanded to the superior court for disposition of the disputed issues raised by the pleadings.

AFFIRMED IN PART AND RE-VERSED IN PART.

HATHAWAY, P.J., and LIVERMORE, J., concur.