733 P.2d 313

**SCHOOLHOUSE EDUCATIONAL AIDS, INC., a corporation, Plaintiff/Appellee.**

v.

**Frederick R. HAAG, a single man, Defendant/Appellant.**

**No. 2 CA–CV 5772.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 5, 1987.

---

Little, Fisher, Siegel & Bellovin, P.C. by Ronald D. Siegel, Tucson, for plaintiff/appellee.

Taylor & Cawthorne, Ltd. by Gregory D. Lantz, Tucson, for defendant/appellant.

## OPINION

FERNANDEZ, Judge.

In a previous appeal before this court between the same parties, *Schoolhouse Educational Aids, Inc. v. Haag*, 145 Ariz. 87, 699 P.2d 1318 (App.1985), we remanded the matter for trial, holding that the court could not dismiss the complaint against appellant Haag without giving him an opportunity to be heard. Upon remand, the court granted plaintiff/appellee Schoolhouse's motion for summary judgment, the propriety of which is the subject of this appeal.

Even though the facts were set forth in the previous opinion, we must briefly restate them in order to review the court's ruling in question here. Schoolhouse filed a complaint in October 1980 naming Jeanette Thibodeau Dursee and appellant Frederick Haag as defendants. The complaint alleged that Thibodeau owed Schoolhouse the balance of a promissory note given as partial payment for the purchase of a business and that appellant Haag was a subsequent purchaser from Thibodeau. Schoolhouse applied for and was given a writ of replevin which was executed, and the personal property listed as collateral for the note was taken from Haag's possession. Subsequently, a settlement by stipulation was reached between Schoolhouse and Thibodeau. We ruled in our prior opinion that the court erred in dismissing the complaint against Haag without giving him an opportunity to be heard. We also ruled that the court was correct in not allowing Haag to amend his answer and counterclaim. *Schoolhouse Educational Aids, Inc. v. Haag,* supra.

Upon remand, the parties submitted trial memoranda which were, by stipulation, treated as a motion for summary judgment by Schoolhouse, which was granted. On appeal Haag contends the court erred in not allowing him to raise the issue of lack of default under the promissory note because this is a replevin action. Further, appellant contends the court erred in its interpretation of a clause in the promissory note. We affirm.

In June 1979 Schoolhouse sold its business to Thibodeau and, as part of the sale, Thibodeau executed a promissory note and security agreement which covered personal property consisting of inventory, fixtures and equipment used in the business. The note contained the following provision: "The principal amount remaining unpaid at such time as Payor vacates the premises at

1838 E. 6th Street Tucson, Arizona shall be all due in full."

In September 1980 Thibodeau sold the business to Haag and ceased maintaining a business at 1838 E. 6th Street in Tucson. This sale occurred without Schoolhouse's knowledge, and Schoolhouse was not asked to approve the sale or any of its terms. The deposit and receipt agreement between Thibodeau and Haag stated that the "Buyer is purchasing the Business subject to but not assuming a certain note and security agreement...."

Upon learning of the sale of the business, Schoolhouse made demand upon Thibodeau for the entire balance due under the note on the basis that acceleration was allowed under the "payor vacates" clause of the note. Schoolhouse alleged an additional default, that the monthly payment due under the note on September 20, 1980, had not been made. Appellant's untimely attempt to make the September payment on October 7, 1980, was refused by Schoolhouse.

As a result of our previous opinion, the only remaining issue was the replevin action involving who had the right to the personal property. Appellant's answer denied that Schoolhouse had a right to possession of the personal property, but it did not affirmatively allege that Haag had a right to possess it. Since our prior opinion affirmed the denial of appellant's attempts to amend his pleadings, there was no claim by appellant that he had the right to possession. The case was remanded to permit appellant an opportunity to show any rights he had to possession of the property, but he was unable to show any. We nevertheless address the additional issues raised by appellant.

## LACK OF DEFAULT

Appellant argues that the court erred in not allowing him to raise the issue of lack of default in this case. We find no error.

■ The minute entry granting summary judgment reads in part as follows:

THE COURT FURTHER FINDS that defendant Haag is not in a position to argue the intent of the parties in the contract between Schoolhouse Educational Aids and Jeanette J. Thibodeau as he was not a party to that contract. Defendant Haag is precluded from arguing the intent of the parties as to specific sections of the contract.

What the court ruled was that appellant could not argue the intent of the parties in inserting the "payor vacates" clause in the note. We find nothing in this ruling which prevented appellant from showing the court that he had a right to possession of the personal property which was superior to Schoolhouse's right of possession.

## INTERPRETATION OF PROMISSORY NOTE CLAUSE

■ Appellant argues that the court erred in its interpretation of the "payor vacates" clause. The court found that the clause means that the note is accelerated when the payor, Thibodeau, ceases to operate the business. Appellant contends that the phrase means the note is accelerated upon "relocation" of the business. We disagree.

The rule in Arizona is that the interpretation of a contract is a matter of law and not a question of fact. *Maganas v. Northroup*, 135 Ariz. 573, 663 P.2d 565 (1983); *Phillips v. Flowing Wells Unified School District No. 8 of Pima County*, 137 Ariz. 192, 669 P.2d 969 (App.1983); *Divizio v. Kewin Enterprises, Inc.*, 136 Ariz. 476, 666 P.2d 1085 (App.1983). The phrase "vacate the premises" has been interpreted to mean a surrender of actual possession by a party, not relocating to another location. *People v. Clough*, 16 Colo.App. 120, 63 P. 1066 (1901). A New York municipal court, in holding that the premises in question had been vacated, stated: "Once there has been a cessation of occupancy or dominion by the original tenant, the premises must be deemed vacated." *Ocean Fifth Realty Corp. v. Stern*, 202 Misc. 336, 338–339, 109 N.Y.S.2d 92, 94 (N.Y.Mun.Ct.1951). We find sufficient evidence to support the court's ruling that Thibodeau vacated the

premises, an act which served to accelerate the note.

Finally, appellant argues that the "payor vacates" clause is really a due-on-sale clause which is not favored by the courts. However, the only time the Arizona courts have refused to enforce due-on-sale clauses is when they relate to real property. The Arizona Supreme Court in *Babbitt Brothers Trading Co. v. Marley*, 28 Ariz. 589, 238 P. 392 (1925), upheld the validity of a clause in a chattel mortgage which provided that the debt became immediately due and payable if the payor sold the personalty and which gave the payee the right to immediate possession. We find no error.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.