Filed 10/26/21  Cyril Lawrence, Inc. v. K.S. Aviation, Inc. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CYRIL LAWRENCE, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> K.S. AVIATION, INC., <br><br> Defendant and Appellant. | F079662 <br><br> (Super. Ct. No. 17CV-00577 ) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Law Office of Michael Abbott and Michael L. Abbott for Defendant and Appellant.

Cyril L. Lawrence for Plaintiff and Respondent.

-ooOoo-

In this case, a plaintiff attorney sued his former corporate client to recover unpaid legal fees for seven separate engagements.  The lawsuit's nine causes of action consisted of breach of contract and common counts theories.  After a court trial, the court awarded plaintiff his unpaid fees for two of the engagements, declined fees on another for failure of proof, and declined fees on a fourth because he had already been compensated for that

matter. The court declined plaintiff his unpaid fees on the remaining three engagements, finding he had a conflict of interest with respect to those engagements that precluded recovery of any legal fees. Defendant corporation appeals from the judgment, contending the court's statement of decision was based on an incorrect understanding of the applicable law. We affirm.

## BACKGROUND[1]

### I.     The parties' briefing

In its opening brief, K.S. Aviation, Inc. (K.S.) describes the facts of this case as "lengthy and complicated." However, K.S. provides only a short, minimal summary of the background facts that gave rise to Lawrence's lawsuit. The California Rules of Court provide: "An appellant's opening brief must … [p]rovide a summary of the significant facts limited to matters in the record." (*Id.*, rule 8.204(a)(2)(C).) It is not our responsibility to comb the appellate record for facts. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Accordingly, our summary of background facts is only as extensive as K.S.'s summary of background facts.

### II.    Summary of background facts

Plaintiff Cyril Lawrence is an attorney with his own firm, Cyril Lawrence, Inc. Lawrence and his firm are referred to collectively as "Lawrence." K.S., a California corporation, operated a pilot training center out of Atwater. Daniel Yoon and John Yoon, who are not related, were shareholders of K.S.[2] For some period, Dan served as Chief Financial Officer and John served as President. Lawrence began representing K.S. in 2012 when Dan hired him to represent K.S. in connection with corporate governance and employment law matters. In 2013, Dan engaged Lawrence to represent K.S. in

---

[1] Since the sole issue on appeal is a question of law that can be disposed of without even referencing any facts, we provided only a brief synopsis of the facts.

[2] These two gentlemen have been referred to as Dan as John throughout this litigation. We continue that convention here since they have the same last name.

2.

connection with a contract dispute with the Vietnamese Business Association in San Jose. While handling that litigation matter, Lawrence noticed and brought to Dan's attention various internal corporate governance and compliance abnormalities, and K.S. engaged Lawrence to address those issues as well.

Lawrence performed a variety of legal work for K.S. from 2012 to October 2016. He represented K.S. in several litigation matters, assisted on general corporate governance issues, and represented the corporation in connection with a government investigation.

John was seriously injured in an accident in September 2013 and was unable to attend to his duties at K.S. until February 2014. In June 2015, John, both in his individual capacity and on behalf of K.S., filed a shareholder derivative suit against several persons and entities, including Dan, individually, and K.S. The complaint alleged Dan had embezzled corporate funds and illicitly "changed corporate documents to substantially reduce [John's] shareholdings from 50% to 18.85%, and to increase [Dan's] shareholdings from 50% to 80.59%." Lawrence received the complaint on June 29, 2015. Sometime after the filing of the derivative action, K.S.'s board of directors purportedly terminated John as President. Several days later, on October 5, 2015, Lawrence accompanied Dan to K.S.'s corporate office and was present as John was removed from the premises. Lawrence initially represented both Dan and K.S. until he withdrew from the case after realizing he had a conflict of interest.

## III. Plaintiff's complaint

On February 27, 2017, Lawrence filed a complaint for unpaid legal fees on seven separate matters he allegedly performed for K.S. He sought recovery for the seven matters in nine causes of action. We summarize the nine causes of action.

### A. First cause of action

The first cause of action alleged a breach of a contract for legal services entered into December 2, 2015, between K.S. and Lawrence. The contract stated K.S. hired

Lawrence to represent K.S. in a dispute with BBCN Bank after BBCN put a freeze on K.S.'s corporate accounts. The services were to include filing a complaint and "pursuing litigation." K.S. allegedly breached this contract on December 23, 2016, by failing to pay $992.35 in earned fees.

### B. Second cause of action

Lawrence's second cause of action alleged breach of a separate written legal services agreement entered into August 7, 2013, concerning the defense of a lawsuit filed by Ben Trang and Vietnamese American Business Association against K.S. for the alleged breach of a business contract. Lawrence claimed he was owed $6,132.75 in unpaid fees in connection with his services.

### C. Third cause of action

The third cause of action alleged a breach of a legal services contract entered into between K.S. and Lawrence on June 30, 2015, for the defense of John's derivative action. Lawrence claimed he was owed $8,034.46 in unpaid legal fees from K.S. for services he provided the corporation before withdrawing.

### D. Fourth cause of action

The fourth cause of action was for breach of a legal services agreement entered into between K.S. and Lawrence on December 1, 2013. The contract was for Lawrence to perform corporate governance and compliance work. Lawrence averred he was owed $31,258 in unpaid fees for governance work.

### E. Fifth, eighth, and ninth causes of action

The fifth, eighth, and ninth causes of action pertain to a lawsuit by a company called Laguna Pacific against a K.S. subsidiary, Sierra Air Center Development. Sierra Air Center Development was an LLC with K.S. owning a 60 percent interest and John and Dan each owning a 20 percent interest. Laguna Pacific sued Sierra Air Center Development for breach of contract. K.S. paid Sierra Air Center Development's legal fees because Sierra Air Center Development had only minimal capitalization and no

4.

revenue. In the fifth cause of action for breach of contract, Lawrence alleged K.S. left unpaid $25,805 in fees in connection with this matter. In the eighth and ninth causes of action for common counts, which were pled in the alternative, Lawrence claimed $89,362 in unpaid fees.[3]

### F. Sixth cause of action

The sixth cause of action was for breach of contract between K.S. and Lawrence for some unspecified legal services. Lawrence claimed $498.96 in unpaid fees on this cause of action. However, the trial court ruled that no evidence at all was presented on this claim and awarded no fees.

### G. Seventh cause of action

The seventh cause of action for breach of contract alleged K.S. failed to pay Lawrence for services he rendered to the corporation in connection with an Internal Revenue Service (IRS) investigation and the execution of related search warrants of K.S.'s offices. Lawrence claimed he was owed $16,640.33 in unpaid fees on this matter.

## IV. Trial court's statement of decision

The trial court conducted a court trial on March 20 and 21, 2019, and issued its statement of decision on April 15, 2019. The trial court awarded Lawrence his unpaid fees on the second; fifth, eighth, and ninth; and seventh causes of action. Specifically, Lawrence was awarded $7,188.07 in compensation on the Trang/Vietnamese American Business Association litigation matter (second cause of action), $26,665.76 in compensation on the Laguna Pacific litigation matter (fifth, eighth, and ninth causes of action), and $19,503.80 in connection with the tax investigatory matter (seventh cause of action).

---

[3] The eighth cause of action claimed money owed on an open book account, and the ninth cause of action claimed Lawrence rendered services at the special instance and request of K.S. and for which K.S. promised to pay Lawrence.

It is unexplained how the $25,805 and $89,362 figures were separately derived.

5.

The statement of decision began by stating: "A lawyer shall not, without informed written consent from each affected client, represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to, or relationship with another third person. *Rules of Professional Responsibility 3-310(b)*."[4]  The court continued:

> "Conflict of interest rules are designed to ensure the attorney's absolute and undivided loyalty to the client. *Sharp v. Next Entertainment Inc.* (2008) 163 Cal.App.4th 410.  Actual conflict of interest exists where an attorney represents both the corporation and a majority shareholder in a derivative action brought by a minority shareholder alleging fraud against the majority shareholder. *Ontiveros v. Constable* (2016) 245 Cal.App.4th 686; *Havasu Lakeshore Investments, LLC v. Flemins* (2013) 217 Cal.App.4th 770.  Potential conflicts of interest exist whenever the attorney might reasonably be forced to choose which of two loyalties he would honor. *People v. Conner* (1983) 34 Cal.3d 141, 148.  The logical extension of these principles is that a conflict exists if the attorney's loyalty is to the majority shareholder when faced with choosing to represent the corporation against a minority or other shareholder's derivative suit.

> "However, no conflict of interest arises whenever an attorney's representation of a client and third person's interests are to accomplish a common result despite the existence of a conflict of interest arising in an unrelated matter between the client and one of the third persons. *Buehler v. Sbardellati* (1995) 34 Cal.App.4th 1527.  When an attorney represents a corporate client in various litigations and business matters, just because a conflict of interest arises because of a dispute between shareholders as to management and control of the corporation, the attorney is not automatically disqualified from continuing to represent the corporation on matters that do not affect management and control of the corporation.  An attorney may continue to represent the corporation on those matters where there is not a dispute between the shareholders as to the desired end result of the litigation and/or business matter that does not affect management and control issues of the corporation.  There is no divided loyalty.

> "An attorney is not entitled to fees for his services where the attorney violates his ethical duties to the client, namely a violation of rules

---

[4] The Rules of Professional Conduct were thoroughly revised in November 2018.

applicable to conflicts of interest. *Cal Pak Delivery Inc. v. United Parcel Service, Inc.* (1997) 52 Cal.App.4th 1."

The court found Dan and John were equal shareholders during most of the time that Lawrence performed legal services for K.S. John was seriously injured in an accident in June 2013 and was absent from the corporation until mid-2014. When John returned, he and Dan began feuding over corporate control. There were apparently changes in John and Dan's percentage of share ownership, which affected their respective abilities to control K.S. John alleged in his derivative suit that Dan unlawfully reduced John's share ownership and unlawfully embezzled corporate funds for personal gain.

The court further found: "There was a clear actual conflict of interest. Lawrence's representation of K.S. on any issue affecting corporate management and control resulted in a divided loyalty. Although he contends his loyalty was to the corporation, Lawrence's loyalties were divided." Among other things, Dan initially retained Lawrence to represent K.S., provided most of the information and direction for Lawrence's legal work, and supervised John's "physical removal" from K.S.'s office.

The court concluded "Lawrence was barred from representing K.S. on any issue that involved management and control of K.S. and/or on any issue where Dan and John disagreed as to what action should be taken on behalf of K.S."

The trial court entered judgment and later denied K.S.'s motion for reconsideration. K.S. timely appealed from the judgment.[5]

## DISCUSSION

K.S. frames the issue on appeal in its opening brief as such: "The single issue to consider on appeal is the citation to and application of the matter of *Buehler v. Sbardellati* (1995) 34 Cal.App.4th 1527 [(*Buehler*)] by Judge Hansen; an authority not raised by any party before his decision. [¶] … [¶] K.S. contends on appeal that the Superior Court simply misapplied the holding of the Court of Appeal in *Buehler v.*

---

[5] There was no cross appeal by Lawrence.

7.

*Sbardellati, supra,* 34 Cal.App.4th 1527." K.S. further states *Buehler* was "the sole basis and authority for the Court's" statement of decision.

K.S. further explains the issue in the following excerpt:

> "The issue with the Court's Ruling, based as it is upon *Buehler v. Sbardellati, supra,* 34 Cal.App.4th 1527, is that it is not the law. The Fourth District Court of Appeal in the matter of *Buehler v. Sbardellati, supra,* 34 Cal.App.4th 1527 does not stand for the proposition, cited by the Superior Court, that: 'When an attorney represents a corporate client in various litigations and business matters, just because a conflict of interest arises because of a dispute between shareholders as to management and control of the corporation, the attorney is not automatically disqualified from continuing to represent the corporation on matters that do not affect management and control of the corporation. An attorney may continue to represent the corporation on those matters where there is not a dispute between the shareholders as to the desired end result of the litigation and/or business matter that does not affect management and control issues of the corporation. There is no divided loyalty.' "

K.S.'s claim, as it makes clear, is that the trial court erroneously relied on *Buehler* to support the proposition enclosed in single quotes in the above excerpt. Its claim is a nonstarter because the trial court did not cite *Buehler* to support that proposition. Rather, the court cited *Buehler* to support the preceding sentence in the statement of decision, which is: "However, no conflict of interest arises whenever an attorney's representation of a client and third person's interests are to accomplish a common result despite the existence of a conflict of interest arising in an unrelated matter between the client and one of the third persons. (*Buehler v. Sbardellati* (1995) 34 Cal.App.4th 1527.)" This is the only proposition the trial court cited *Buehler* to support, and K.S. does not contest its accuracy.

Thus, K.S. claims the trial court erroneously cited *Buehler* for a certain proposition, whereas the court cited *Buehler* for a different proposition, and in any event K.S. has not demonstrated how either proposition is false. Moreover, because the trial court did not mention the facts of *Buehler*, much less compare them to the facts here, we

8.

do not understand K.S.'s assertion that the trial court "misapplied" *Buehler's* holding. As the trial court only cited *Buehler* for a one-sentence statement of a general legal principle and did not discuss *Buehler's* facts, we do not see how, as K.S. claims, *Buehler* served as the "sole basis and authority" for the statement of decision.

In any event, the proposition in the statement of decision that K.S. claims the trial court erroneously cited *Buehler* in support of is correct. Former rule 3–310(C) of the Rules of Professional Responsibility "prohibit[ed] an attorney from simultaneously representing more than one client in a matter in which the interests of the clients potentially or actually conflict in the absence of the clients' informed written consent."[6] (*Mardirossian, supra,* at p. 277, fn. omitted.) However, to the extent jointly represented clients share common goals in their simultaneous representation, their interests are not actually (currently) in conflict. Put another way, there is no adversity where two parties have "sought to accomplish a common end result and engaged the services of a single attorney to implement their joint plan." (*Moxley v. Robertson* (1959) 169 Cal.App.2d 72, 75 [attorney's representation of both seller and buyer of equipment was proper, where they had common purpose of wresting possession of equipment from defendant]; accord, *Buehler, supra,* 34 Cal.App.4th 1527, 1540 ["an attorney's representation of partners pursuing a common end result does not constitute a conflict of interest"]; *Klemm v. Superior Court* (1977) 75 Cal.App.3d 893, 899 [attorney properly represented both divorcing spouses, where the couple shared a common interest in opposing the county's efforts to impose child support obligation on the husband].)

---

[6] Rule 3–310(C) read in relevant part: "A member shall not, without the informed written consent of each client: [¶] (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or [¶] (2) Accept or continue representation of more than one client in a matter in which the interests of the client actually conflict." A violation of rule 3–310(C) may result in a forfeiture of an attorney's right to fees. (*Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 278 (*Mardirossian*).)

In summary, K.S.'s sole claim fails because it misinterprets the trial court's statement of decision.  Moreover, the proposition K.S. complains of is a correct statement of a general rule of law.  K.S. has not demonstrated any basis for reversing the judgment.

## DISPOSITION

The judgment is affirmed.   Costs on appeal are awarded to respondent.


SNAUFFER, J.

WE CONCUR:


POOCHIGIAN, ACTING P.J.


SMITH, J.