**Donald Ray THOMAS,
Plaintiff-Appellant,**

v.

**GERBER PRODUCTIONS & Columbia
Pictures Television,
Defendants-Appellees.**

No. 82–5184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1982.

Decided Jan. 31, 1983.

---

**27.**  Exhibit C, ¶ 4, plaintiffs' motion for summary judgment (emphasis added).

Donald Ray Thomas, pro se.

Maren Christensen, Rosenfeld, Meyer, & Susman, Beverly Hills, Cal., for defendants-appellees.

Before ROBB,* SCHROEDER, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge.

Appellant Donald Ray Thomas (hereinafter Thomas), acting as his own lawyer, has appealed from the dismissal of this action with prejudice. We reverse and remand.

After Thomas repeatedly, stubbornly, and improperly, ignored the patient efforts of the trial judge to compel completion of the taking of Thomas' deposition on December 14, 1981, the district court ordered that sanctions be imposed. The court stated as follows:

> You're directed to submit yourself for a deposition in the office of Ms. Christensen at 10:00 o'clock on January 4, 1982, and, in addition to that, before that time you're directed to pay her a firm $750.00 for attorney's fees for your failure to adhere to the order of the court previously. If you do not do both of those things, I'll dismiss the action. Do you understand that, sir?

In reply to the court's inquiry, Thomas replied as follows:

> Sir, I do not has $700 (sic) because I am in forma pauperis. I cannot understand. As I said before, Your Honor, my motion papers here on March 2nd—we came to your court, sir, and the Rules of Federal Procedure state that there must be a motion.

---

* Hon. Roger Robb, Senior United States Circuit Judge for the District of Columbia, sitting by designation.

Thereafter, the following colloquy occurred:

THE COURT: Mr. Thomas, you have to rely upon the Court to determine what the rules require, and those rules being— as I recall it, you moved that discovery be terminated, and I learned that you had not given your deposition, and I ordered that your deposition be scheduled. If you don't appear for your deposition and counsel have to come in here making opposition to motions of this kind, that costs money of them, and you have a perfect right to appear in forma pauperis but have to carry out the orders of the Court, and, if you don't do it, you fail to do it at your peril. If this case is worth something to you, you can find $750.

MR. THOMAS: No sir, I cannot find $750.

THE COURT: Then I'm obliged to dismiss the case.

MR. THOMAS: Just a minute, your Honor. Before you dismiss the action, sir, you have not gone through my case here.

THE COURT: Oh, I have.

MR. THOMAS: No, sir, you have not.

THE COURT: I have read all the papers that have been submitted.

MR. THOMAS: If you've read all the papers, why have my rights been abridged by the Court?

THE COURT: Mr. Thomas, the Court does its best to accommodate the rights of all parties, the Plaintiff in pro per as well as the Defendant, but you have not right to require the Defendants to spend the money that they have spent in defending this action. If you do not participate as a Plaintiff is obliged to do—

MR. THOMAS: I participated. I attended the deposition on January 27th of this year when it was scheduled. The Defendant said she was not satisfied with the answers. She was going to make a motion to compel. It has been ten and a half months, and she has not filed that motion to compel.

THE COURT: I read all the papers. In March I directed that your deposition be taken, and you did not—

MR. THOMAS: I have no knowledge of that, Your Honor, and I did not receive an order from the Court or from the Defendants.

THE COURT: The deposition will be taken on January 4th of 1982 by which time you will have paid $750 to Defense counsel. If you do not do so, I'll dismiss the action. That will be the order, Mr. Thomas.

MR. THOMAS: Sir,—

THE COURT: You may appeal from the order of this Court if you are so disposed.

MR. THOMAS: Appeal?

THE COURT: To the Court of Appeals.

MR. THOMAS: This is an unfair burden to me.

THE COURT: Mr. Thomas, I do not like to impose unfair burdens. We have been through this before.

MR. THOMAS: Yes, and I cannot understand.

THE COURT: All right. I have done the best I can to cause you to understand. That will be the order, and the discussion is over. I must go on with the calendar.

From the above comments, it would appear that the district court determined that dismissal was an appropriate sanction. Nevertheless, the plaintiff was given one last opportunity to save his claim by submitting to a deposition and compensating opposing counsel for their wasted time and effort.

No hearing was conducted by the court to determine whether Thomas had the ability to comply with that portion of the court's order which required him to pay $750.00. Thus, the only information which the court received on December 14, 1981 concerning Thomas' ability to comply with the court's order was his unsworn statement that he could not pay the amount ordered.

On January 4, 1982, Thomas appeared at the offices of counsel for appellees and submitted to the taking of his deposition, however, he did not pay the $750.00 sanction as ordered. Counsel for appellees alleged in her declaration in support of her motion to dismiss this action that she "asked plaintiff

if he intended to make such payment as ordered by this court, and he responded that he did not so intend." Counsel for appellees thereafter advised Thomas that she would go forward with his deposition "without prejudice to defendants' right to move for a dismissal of the complaint on the grounds that plaintiff refused to comply with this court's order to pay said $750.00."

In her supplemental memorandum of points and authorities filed in support of defendants' motion for dismissal of this action with prejudice, counsel for appellees argued:

> In a situation such as this, where the plaintiff has been warned by this Court that failure to make timely payment of the $750.00 would result in dismissal of his complaint, such dismissal is mandated if our courts are to continue to operate in an orderly manner.

On January 11, 1982, the court dismissed the action with prejudice after being informed that the deposition had been taken but that the $750.00 was not paid. No evidence was taken to determine whether Thomas had the ability to comply with the court's order to pay $750.00 or if he refused to do so in bad faith. The court noted as follows:

> I did say, Mr. Thomas, that if you did not pay the $750.00 by the 4th of January I would dismiss the action. I was mindful that you said you didn't have the money, and I was mindful of that at the time.

It appears clear from the foregoing that as of January 11, 1982 Thomas had complied with the court's order that he submit to the taking of his deposition. His prior refusal to do so had led to the additional imposition of a monetary sanction. The record demonstrates that as of the date of the dismissal order the defendant was no longer engaging in dilatory tactics or obstructing appellee's preparation for trial. Thus, dismissal of this action cannot be sustained on the ground that Thomas was guilty of failing to prosecute this action following the court's order of December 14, 1981. Had he refused to submit to the taking of his deposition on January 4, 1982,

the record might well have sustained a finding of bad faith because of Thomas' prior obstinacy, and justified a dismissal of the action with prejudice.

The district court did not invoke any specific authority for its action dismissing plaintiff's claim with prejudice. A trial judge has the inherent power to impose a sanction for failure to pursue a claim with diligence. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). A sanction of dismissal under the court's inherent powers cannot be imposed absent a finding of bad faith. In *Roadway Express, Inc.,* the Supreme Court stated: "Similarly, the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers." 447 U.S. at 767, 100 S.Ct. at 2465.

Rule 37(b)(2)(C) of Fed.R.Civ.P. permits imposition of the ultimate sanction of dismissal upon a proper showing that a plaintiff has acted in bad faith in failing to comply with a court's discovery order. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Where, however, the failure to comply is "due to inability, and not to willfulness, bad faith, or any fault of petitioner[s,]" Rule 37 should not be construed as authorizing the sanction of dismissal. *Id.* at 640, 96 S.Ct. at 2779 (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

There is no evidence in the record before us that Thomas acted in bad faith in refusing to pay the sanction of $750.00. Thomas immediately advised the court that he did not have the ability to pay $750.00, when the court advised him that he would have to pay a monetary sanction as a punishment for his prior conduct.

Thomas complied with the court's orders to cooperate with defense discovery efforts on January 4, 1982.

The only evidence before the court on January 11, 1982 concerning the prosecution of this action was that Thomas had submitted to the taking of his deposition as ordered on December 14, 1981. Thus, the order of dismissal of this action cannot be sustained on the ground that, as of January 11, 1982, Thomas was guilty of dilatory or obstructionist action.

It is our view that the court, in its order of December 14, 1981, abused its discretion in selecting a sanction which imposed a requirement that the court was informed could not be performed. *See Maggio v. Zeitz,* 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 ("[e]very precaution should be taken that orders issue ..., only after legal grounds are shown and only when it appears that obedience is within the power of the party being coerced by the order.") Under these circumstances, it was equally an abuse of discretion to dismiss this action on January 11, 1982 for failure to do an act without proof that compliance with the court's order was possible.

REVERSED and REMANDED.