Linda Ann LEWIS, and Dwayne Lewis,
Individually and as Guardians of T.L.
and A.N.L., Plaintiffs–Appellants,

v.

J.C. PENNEY COMPANY, INC., a Dela-
ware corporation; Don Sheely, Thomas
Leake, Rose Towndrow and Anita Go-
mez, Individually, Defendants–Appel-
lees.

No. 91CA1390.

Colorado Court of Appeals,
Div. III.

Oct. 8, 1992.

Smith & Schaffer, P.C., C. Lamont
Smith, Alan S. Thompson, Denver, for
plaintiffs-appellants.

Davis, Graham & Stubbs, Michael J.
Gallagher, Andrew M. Low, Denver, for
defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiffs, Dwayne and Linda Lewis, on
behalf of themselves and their two minor
children, appeal from the judgment of the
trial court dismissing their claims against
defendant, J.C. Penney Co., Inc., with prej-
udice. Such judgment was entered be-
cause of plaintiffs' admitted failure to pay
to defendant attorney fees for plaintiffs'
prior failure to engage in meaningful dis-
covery. We reverse and remand for the
trial court's reconsideration.

The claims set forth in plaintiffs' com-
plaint were based upon an incident occur-
ring on defendant's premises during which
Linda Lewis was allegedly assaulted, bat-
tered, and handcuffed by security person-
nel employed by defendant. It was plain-
tiffs' assertion that such actions were with-
out proper cause and were motivated by
Linda Lewis' race.

Shortly after plaintiffs' complaint was filed in November 1989, defendant propounded to them various written interrogatories and made a request for the production of certain documents. Plaintiffs, however, did not make an adequate response to these discovery requests, and defendant sought and obtained an order compelling a further response. In May 1990, the court entered an order requiring plaintiffs to pay to defendant the sum of $3,410.50 to reimburse it for its costs and attorney fees incurred in obtaining that compulsive order.

Thereafter, defendant filed its motion to dismiss, claiming that plaintiffs had failed to comply with the court's earlier order. Ultimately, the court held an evidentiary hearing upon defendant's motion and upon plaintiffs' request to reconsider its earlier award of attorney fees.

At the completion of this hearing, the court concluded that it would not be appropriate to dismiss plaintiffs' complaint as a sanction for their previous discovery violations. However, it reaffirmed its previous award of attorney fees, directed that plaintiffs respond to certain of defendant's outstanding discovery requests, and ordered that defendant be awarded further attorney fees, later assessed in the amount of $4,762.50.

After the court entered this latter order, plaintiffs paid defendant the amount of fees awarded earlier ($3,410.50) and provided further discovery responses to defendant. However, they sought a stay of the court's order directing the payment of further fees based upon plaintiffs' alleged inability to pay.

In support of this claimed inability, plaintiffs submitted their affidavits in which it was asserted that Linda Lewis was not employed outside the home, but cared for plaintiffs' two small children on a full-time basis. Dwayne Lewis, it was alleged, was employed by the United States Postal Service and was paid between $850 to $1,000 every two weeks (depending on the amount of overtime worked). It was also stated that the plaintiffs' monthly expenses exceeded $1,425, that they rented their home,

that their utility bills were three months in arrears, that they had no savings, and that, to pay the fees awarded by the previous order, it had been necessary for them to sell one of their two family cars and to pawn certain of Linda Lewis' jewelry.

In its written objection to plaintiffs' request for a stay of the attorney fees award, defendant did not contest any of plaintiffs' factual allegations. Rather, it asserted that plaintiffs' financial status was "irrelevant."

The court denied plaintiffs' requested stay without comment.

Thereafter, defendant filed its second motion to dismiss. This motion, while referring to and relying upon C.R.C.P. 37, did not assert that plaintiffs had not fully complied with the court's latest order respecting discovery responses. Rather, defendant sought dismissal solely because plaintiffs had failed to pay the attorney fees ordered by the court.

In opposition to this motion, plaintiffs again asserted that they did not have the ability to pay the fees awarded. As a reply, defendant relied upon statements made by one of the plaintiffs in her deposition that it construed to be inconsistent with her earlier affidavit.

The court granted defendant's motion to dismiss without holding an evidentiary hearing to resolve any apparent inconsistencies in the evidence and without adopting any findings or conclusions. It stated no reasons for its action.

■ Under the foregoing circumstances, we conclude that, before entering its order of dismissal, the court was required to consider and to determine whether plaintiffs had the practical ability to pay the attorney fees awarded and to adopt appropriate findings and conclusions with respect to that issue.

C.R.C.P. 37(a)(1) authorizes a trial court to enter an order compelling a recalcitrant party to respond in an appropriate manner to written interrogatories or other discovery requests. In addition, the court may award to the party seeking such an order its expenses incurred in the endeavor, in-

cluding a reasonable attorney fee. C.R.C.P. 37(a)(3).

Thereafter, if a party "fails to obey an order to provide or permit discovery," a trial court may enter "such orders in regard to the failure as are just." C.R.C.P. 37(b)(2). Such a sanctioning order may include the dismissal of the action. C.R.C.P. 37(b)(2)(C). In addition, dismissal may result from the failure of a party to comply with any court order. C.R.C.P. 41(b)(1).

However, an order of dismissal is the severest form of sanction and should be entered only in extreme cases. *Nagy v. District Court*, 762 P.2d 158 (Colo.1988).

█ Hence, the sanction of dismissal should be imposed only if the sanctioned party has engaged in "culpable conduct," consisting of willful disobedience, a flagrant disregard of that party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations. *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987) (consideration of sanctions applied under C.R.C.P. 37(d)); *see Nagy v. District Court, supra* (*Kwik Way* criteria applicable to violation of order entered under C.R.C.P. 37(b)).

Here, plaintiffs' prior failure to engage in meaningful discovery may well have exhibited the type of disregard of their discovery obligations that would have warranted a dismissal for such failure. However, after fully considering the question of sanctions after an evidentiary hearing, the trial court expressly concluded that the sanction of dismissal would not be appropriate for plaintiffs' previous discovery failures.

Further, nothing within the present record would justify the conclusion that, at the time that the trial court entered its order of dismissal, either plaintiff was in violation of any order of court compelling further discovery. Indeed, in requesting dismissal of plaintiffs' complaint, defendant did not rely upon plaintiffs' failure to provide any information that they had been ordered to provide; its motion relied solely upon plaintiffs' failure to pay a portion of the attorney fees awarded to it.

█ Even if we assume, arguendo, that the failure to pay fees and costs awarded under C.R.C.P. 37(a)(3) can be sanctioned by a dismissal of a plaintiff's complaint, either under C.R.C.P. 37(b)(2)(C) or under C.R.C.P. 41(b)(1), *see Vakalis v. Shawmut Corp.*, 925 F.2d 34 (1st Cir.1991); *Moon v. Newsome*, 863 F.2d 835 (11th Cir.1989), nevertheless, we are convinced that a failure to pay such fees and costs can result in dismissal only if it is established that such failure was willful or in bad faith, and not because of an inability to pay. *See Thomas v. Gerber Productions*, 703 F.2d 353 (9th Cir.1983).

Further, for the same reasons that an order of dismissal for a failure to engage in discovery or to obey a discovery order must be based upon adequate findings and conclusions, we also conclude that, if, as here, there is a genuine factual issue as to the party's ability to pay, the trial court must undertake to resolve that issue and to adopt sufficient findings and conclusions so as to disclose the basis for its decision. *See Kwik Way Stores, Inc. v. Caldwell, supra.*

Here, plaintiffs paid a substantial portion of the fees awarded, but sought a stay of the order directing payment of the remainder, claiming a financial hardship. And, they supported their claim in this respect with detailed financial information.

Under such circumstances, the trial court could not properly dismiss plaintiffs' complaint based solely on their failure to pay fees without affirmatively finding that they had the ability to comply with the court's order to pay, but had willfully failed to do so. However, the trial court made no such finding here.

Therefore, the judgment of dismissal is reversed, and the cause is remanded to the trial court with directions to it to reconsider defendant's motion to dismiss. In reconsidering such motion, the court shall, if necessary to resolve any credibility issues, conduct an evidentiary hearing upon the question. Thereafter, it shall make specific findings and conclusions with respect to plaintiffs' ability to comply with the court's

previous order and dispose of defendant's motion in accordance with those findings.

SMITH and ROTHENBERG, JJ., concur.