**Randy PREFER, Appellant,**

v.

**PHARMNETRX, LLC, and PharmNetRx, Inc., Appellees.**

**No. 99CA0650.**

Colorado Court of Appeals, Div. II.

Oct. 12, 2000.

As Modified on Denial of Rehearing Nov. 16, 2000.

Certiorari Dismissed Dec. 19, 2000.

Wolf & Slatkin, P.C., Albert B. Wolf, Denver, Colorado, for Plaintiff–Appellee.

Robert W. Turner, LLC, Robert W. Turner, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

This is an appeal from two consolidated trial court cases involving the same parties. In case no. 98CV1685, PharmNetRx, LLC, and PharmNetRx, Inc., were plaintiffs and Randy Prefer was defendant. In case no. 97CV1686, Prefer was plaintiff, and the defendants were PharmNetRx, LLC, and some 30 individuals and entities identified as its members, employees, agents, and investors. Prefer appeals from the judgment of dismissal and related orders entered in the consolidated cases. We affirm in part, reverse in part, and remand for further proceedings.

Prefer conceived an idea for computer software that could be used to transfer prescription orders and information between physicians' offices and pharmacies via the internet. With another individual, he formed Pharm-NetRx, LLC, to develop and market the software. Business plans provided to prospective investors represented that the software concept and proprietary rights had been transferred to PharmNetRx, LLC.

At a meeting in June 1997, members of PharmNetRx, LLC, voted to terminate Prefer's employment and his management of the company, to appoint new managers, to direct Prefer to return all of the company's property, and to convert PharmNetRx, LLC, to a corporation.

Thereafter, PharmNetRx, LLC, and PharmNetRx, Inc. (hereafter collectively PharmNetRx, or the company) filed a complaint against Prefer for damages, declaratory and injunctive relief, and replevin. On the same day, Prefer filed a complaint for damages and injunctive relief against Pharm-NetRx, LLC, and its members, employees, agents, and investors.

The cases were consolidated for a hearing, after which the trial court entered a preliminary injunction restraining Prefer from contacting potential investors, claiming any ownership interest in the company, and engaging in various other activities. The court also entered a replevin order requiring Prefer to turn over to the company's counsel certain specified property, including computer hardware and software, as well as other information in his possession relating to the company's business and operations. PharmNetRx was required to post a bond in the amount of $41,670 as security for Prefer's damages and costs in the event the preliminary injunction and order of replevin were found to be wrongfully issued.

Trial in the consolidated cases was set to commence February 16, 1999. On February 9, 1999—one week before trial and more than one-and-one-half years after the injunction and replevin order was entered—Pharm-NetRx and the individual defendants in 97CV1686 filed a motion pursuant to C.R.C.P. 41(a) to dismiss their claims and counterclaims in both cases. They stated that they had determined that "the time, efforts, and economics involved in pursuing their claims against Mr. Prefer is not warranted."

848

On the morning of trial, the court granted the motion of PharmNetRx and the individuals to dismiss, but stated that it would require that the dismissal be with prejudice and would defer ruling on Prefer's request for attorney fees. The court then ruled that Prefer's unexcused noncompliance with discovery rules and the trial management order precluded him from producing evidence in support of his claims, and thus warranted the dismissal of his claims. The court denied Prefer's request for return of the items that were the subject of the order of replevin and his request for an opportunity to demonstrate that the preliminary injunction was wrongfully issued.

At a subsequent hearing, the trial court declined to award Prefer his attorney fees, finding that a claim for fees had not been sufficiently pled.

## I.

We first address two preliminary matters that are not directly related to the substance of the issues raised on appeal.

### A.

The individual PharmNetRx members, employees, agents, and investors who were parties in the trial court have filed a motion in this court to be dismissed as parties to the appeal. Prefer has agreed that these individuals should be dismissed. Accordingly, their motion to dismiss is granted, and their names will not appear on the case caption.

### B.

■ We reject PharmNetRx's contention that, because Prefer identified himself only as "defendant" in his case caption on appeal, issues raised in case no. 97CV1686, in which he was the plaintiff, are not properly before us on appeal.

■ The purpose of a notice of appeal is to put the other party on notice that an appeal will be taken and to identify the action of the trial court from which the appeal is to be taken. If the prevailing party could not be misled as to the intention to appeal or as to the judgment from which the appeal is to

be taken, any technical defect in the notice of appeal is harmless. *Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980).

The two cases at issue here were consolidated for proceedings below. The judgment and orders from which appeal is taken bear the captions of, and specifically refer to, both consolidated cases. Prefer's notice of appeal gives the trial court case number as "97CV1685 (consolidated with case no. 97CV1686)"; and the body of the notice of appeal clearly indicates that Prefer is appealing from orders entered in both cases. PharmNetRx's contention to the contrary is without merit.

## II.

Prefer first contends that the trial court erred in issuing its preliminary injunction and order of replevin based on actions taken at a meeting which did not comply with the requirements of the Colorado Limited Liability Company Act, § 7–80–101, et seq., C.R.S. 2000. We disagree.

### A.

■ Initially, we do not agree with PharmNetRx that Prefer is precluded from raising this issue on appeal because he did not timely appeal from the trial court's entry of the preliminary injunction.

■ C.A.R. (1)(a) enumerates certain non-final orders, including orders granting a temporary injunction, from which immediate appeals may be taken. However, taking an interlocutory appeal from such orders is permissive, not mandatory. If no interlocutory appeal is taken, the grant of a preliminary injunction may be reviewed on appeal following a final judgment. *See In re Application of Northwestern Mutual Life Insurance Co.,* 703 P.2d 1314 (Colo.App.1985) (failure to file interlocutory appeal of trial court's appointment of receiver did not preclude appellant from raising the issue following final judgment); *see also* 19 *Moore's Federal Practice,* § 203.10[7][a] (3d ed.1997) (discussing federal cases holding that interlocutory appeals from preliminary injunctions are permissive, not mandatory).

## B.

■ We further conclude that, contrary to PharmNetRx's contention, the issue is not moot.

■ An issue raised on appeal is not moot unless the appellate court's resolution of it would have no practical legal effect upon an existing controversy. *See In re Marriage of Hartley,* 886 P.2d 665 (Colo.1994).

PharmNetRx contends that, because dismissal of an action in which a temporary injunction has been granted dissolves the injunction, *see Ireland v. Wynkoop,* 36 Colo. App. 205, 539 P.2d 1349 (1975), all issues concerning the validity of the injunction become moot. However, even if the injunction is no longer in effect, Prefer would still be entitled to recover on the bond posted by PharmNetRx if he establishes that the injunction was wrongfully issued and that he suffered damages as a result. *See* C.R.C.P. 65(c); *Lazy Dog Ranch v. Telluray Ranch Corp.,* 948 P.2d 74 (Colo.App.1997), *rev'd on other grounds,* 965 P.2d 1229 (Colo.1998).

Thus, because a determination whether the injunction was wrongfully issued will still have a practical legal effect on the parties' rights, the issue is not moot. *See Alabama Power Co. v. Alabama Electric Co-op.,* 279 Ala. 123, 182 So.2d 856 (1966) (declining to dismiss on mootness grounds where, after dissolution of injunction, issue remained regarding right to recover on bond); *Massengill v. City of Clovis,* 33 N.M. 394, 268 P. 786 (1928)(same); *Wyckoff v. Painter,* 145 W.Va. 310, 115 S.E.2d 80 (1960) (same).

## C.

■ Turning to the merits of Prefer's contention, we conclude that the trial court did not err in finding that the actions taken at the company's June 1997 meeting were valid and in entering its preliminary injunction based on those actions.

Section 7–80–701, C.R.S.2000, provides that persons may be admitted as additional members of a limited liability company upon the written consent of all members. Pursuant to § 7–80–702, C.R.S.2000, if all other members do not approve in writing of the proposed transfer of a member's interest in the company, the transferee has no right to participate in the management of the business and affairs of the company or to become a member of it, but instead is limited to receiving his or her share of the profits.

Prefer contends that the actions taken at the June 1997 meeting were invalid because he never consented in writing to the transfer of voting interests in the company to the individuals who voted at that meeting. However, the trial court found that various writings, taken together, demonstrated that Prefer recognized and agreed that investors in the company were entitled to voting rights.

The documents referenced by the court in its preliminary injunction order—in particular, the proxy request Prefer sent to the investors—support its finding that Prefer consented in writing to the exercise of voting rights by the investors. Therefore, that finding will not be set aside on appeal. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## III.

■ Prefer next argues that the trial court abused its discretion in dismissing his claims based on his failure to comply with discovery rules and the trial management order. We disagree.

C.R.C.P. 37(b)(2)(C) provides that, if a party fails to obey an order to provide discovery, the court may, among other sanctions, dismiss the action. C.R.C.P. 37(c)(1) states that a party that, without substantial justification, fails to disclose information required by C.R.C.P. 26(a) or C.R.C.P. 26(e) "shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed at trial."

■ A trial court has considerable discretion to determine whether sanctions should be imposed for discovery violations and what those sanctions should be. The court's sanction will be overturned on appeal as an abuse of discretion only if it is "manifestly arbitrary, unreasonable, or unfair under the circumstances." *Municipal Subdistrict v. OXY USA, Inc.,* 990 P.2d 701, 710 (Colo.1999).

Dismissal, the severest form of sanction, is generally appropriate only for willful or deliberate disobedience of discovery rules, flagrant disregard of a party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations. *See Nagy v. District Court*, 762 P.2d 158 (Colo.1988); *Lewis v. J.C. Penney Co.*, 841 P.2d 385 (Colo.App.1992).

Here, in dismissing Prefer's claims, the trial court found that he had failed to identify his witnesses, his exhibits, or the claims he intended to pursue at trial, and had not itemized his damages, contrary to the requirements of the discovery rules and the trial management order. Prefer concedes on appeal that he did not make the disclosures mandated under C.R.C.P. 26 until the morning of trial, but argues that the court made no determination as to whether such failure was either substantially justified or harmless.

Contrary to Prefer's contention, the trial court expressly found that his failure to comply with the rules was "without cause or justification." Further, we can envision no circumstance in which deferring all the mandated disclosures until the morning of trial could be harmless. Thus, the court's ruling that Prefer would not be permitted to present evidence he had not disclosed is entirely consistent with the mandatory language of C.R.C.P. 37(c)(1), and dismissal of his claims for that reason was not an abuse of discretion.

Finally, the fact that Prefer was acting *pro se* during some of the trial court proceedings neither excuses his noncompliance with the discovery rules nor renders the trial court's dismissal based on that noncompliance an abuse of discretion. *See Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980) (litigant who elects to proceed *pro se* must follow the same rules of procedure applicable to parties represented by counsel).

## IV.

We are similarly unpersuaded by Prefer's contention that the trial judge should have recused himself when Prefer filed a motion two weeks before trial asking him to do so.

C.R.C.P. 97 provides, in relevant part:

A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein. The judge may disqualify himself on his own motion for any of said reasons, or any party may move for such disqualification and a motion by a party for disqualification shall be supported by affidavit.

The test for disqualification under this rule is whether the motion and supporting affidavits allege sufficient facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party to the litigation. *S.S. v. Wakefield*, 764 P.2d 70 (Colo.1988).

In passing on the sufficiency of the motion for disqualification, the judge must accept the factual statements in the motion and affidavits as true, even if he or she believes them to be false or erroneous. However, a motion which merely alleges opinions or conclusions, unsubstantiated by facts supporting a reasonable inference of actual or apparent bias or prejudice, is not legally sufficient to require disqualification. *S.S. v. Wakefield, supra.*

The sufficiency of a motion for recusal is a legal determination subject to independent review by the appellate court. *Smith v. District Court*, 629 P.2d 1055 (Colo. 1981).

Prefer's motion, accompanied by his own affidavit, alleged that the trial court was biased and prejudiced against him. However, Prefer's allegations of bias and prejudice were based entirely on the trial court's rulings on the preliminary injunction and replevin issues and on its rulings, or failure to rule, on Prefer's pretrial motions.

The trial court concluded, and we agree, that the motion was insufficient to warrant recusal. *See Goebel v. Benton*, 830 P.2d 995

(Colo.1992) (rejecting contention that judge's delay and unfavorable rulings were bases for disqualification, and noting that ruling by judge on legal issue does not require disqualification absent facts in the motion or affidavits from which it may reasonably be inferred that judge is biased or prejudiced).

Not only was the recusal motion legally insufficient to require recusal, but the record affords no basis for concluding that the trial judge should have recused himself *sua sponte*. Although Prefer contends on appeal that the court was biased against him because of the numerous *pro se* pleadings that he filed, the record contains no indication of partiality or the appearance of partiality, and in fact reveals significant efforts by the court to accommodate both sides to the litigation.

## V.

Prefer further contends that the trial court erred in refusing to permit him to pursue claims against the bond posted by PharmNetRx when the action was dismissed. Again, we do not agree.

As noted above, a party who establishes that a preliminary injunction was wrongfully issued and that he has suffered damages as a result is entitled to recover on the bond posted by the opposing party. *See* C.R.C.P. 65(c). Here, however, the only reason given by Prefer as to why the injunction was wrongful is his contention that the actions taken at the company's June 1997 meeting were invalid. We have rejected that contention.

Accordingly, in the absence of any other basis for concluding that the preliminary injunction was wrongfully issued, Prefer is not entitled to relief based on the trial court's refusal to permit him to seek recovery on the injunction bond or its failure to make a determination that he was not entitled to such recovery.

## VI.

■ We do, however, agree with Prefer that the trial court erred in concluding that the replevin order was permanent and that he was thus not entitled to return of the property or its value or to further proceedings to determine PharmNetRx's right to the property.

Under C.R.C.P. 104, the plaintiff in an action to recover possession of personal property may obtain an order for possession of the property prior to trial upon making the requisite showing of a right to possession and upon posting of a bond.

The trial court's order of replevin in this case states that it was entered pursuant to C.R.C.P. 104(g), which provides that the court is to make a "preliminary determination of which party, with reasonable probability, is entitled to possession, use, and disposition of the property pending final adjudication of the claims of the parties."

C.R.C.P. 104(p) provides in pertinent part:

If the property has been delivered to the plaintiff, and the defendant claims the return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same.

*See Roblek v. Horst*, 147 Colo. 55, 362 P.2d 869 (1961) (party to replevin action who is ultimately adjudged to have right to possession is also entitled to damages for the unlawful taking and detention of the chattel).

As noted, the replevin order here represented that it was a preliminary determination made pending final adjudication of the parties' claims. At a hearing in July 1998, the trial court again assured Prefer—who was then proceeding *pro se*—that its findings on the replevin and injunction issues were preliminary, "not necessarily conclusive," and "based upon my preliminary understanding without being fully exposed to all the evidence in the case and who in probability may prevail as [to] entitlement, possession and disposition pending a final adjudication."

At the February 16, 1999, hearing at which the dismissal motion was granted, a different judge agreed with the statement of counsel for PharmNetRx that the replevin order "wasn't a preliminary matter." The court ruled that the order was temporary only in the sense that Prefer might have rights against the bond if the order was wrongful,

but that Prefer could not establish such rights because of his noncompliance with the trial management order.

On appeal, PharmNetRx argues that the trial court's rulings should be upheld because Prefer's discovery violations preclude him from establishing that he was entitled to return of the property or recovery against the replevin bond. We disagree.

■ Although the issue has not been addressed in any Colorado appellate decisions, the majority of jurisdictions appear to follow the rule that a party cannot simply obtain possession of property by a writ of replevin and then voluntarily dismiss the action and keep the property. *See Burnham v. MacWhinnie*, 350 Mass. 17, 213 N.E.2d 385, 386 (1965) (noting that "decisions elsewhere uniformly hold that one suing out a writ of replevin cannot obtain possession of the disputed personal property and then drop the litigation," and therefore rejecting plaintiff's contention that defendant's remedy was simply an action for damages on the replevin bond); *J.I. Case Co. v. United Virginia Bank*, 232 Va. 210, 349 S.E.2d 120 (1986) (general rule is that, upon voluntary dismissal by plaintiff, defendant is entitled, without bringing independent proceedings, to the return of the property seized or its value; here, because property could no longer be returned, judgment against plaintiffs for value of property was proper); *see generally* Annot., 24 A.L.R.3d 768 (1969 and 2000 Supp.).

In *Schoolhouse Educational Aids, Inc. v. Haag*, 145 Ariz. 87, 699 P.2d 1318, 1320–21 (1985), the court explained the reason for the general rule as follows:

> Because of the extraordinary nature of the issuance of a writ of replevin, general law has held that where a plaintiff has been put in possession of property under a writ, he cannot escape liability to the defendant by voluntarily dismissing his action.... By failure to prosecute, plaintiff should not deprive defendant of his right to establish title and right to possession and obtain a judgment for return of the property or its value and damages for the taking and withholding of the property. Doing this makes good sense because if the rule were otherwise, a plaintiff under cover of legal process by use of the writ of replevin could perpetrate a fraud on the law and be allowed to keep the property taken from the possession of the defendant at the beginning of the suit without proving the allegations of his complaint.

■ We agree with the rationale of these cases, and conclude that a party from whom personal property has been taken pursuant to a replevin order entered pursuant to C.R.C.P. 104(g) is entitled, upon voluntary dismissal of the action by the opposing party, to return of the property or its value unless the opposing party can establish its right to retain possession of the property. Put another way, the party who obtained possession pursuant to a preliminary replevin order is, in effect, precluded from voluntarily dismissing its replevin claim without a final determination of its right to the property.

■ We further conclude that the burden of establishing the right to the property should remain on the party who initially obtained the replevin order. While that party will have made a preliminary showing entitling it to an order of replevin, C.R.C.P. 104 contemplates that the ultimate right to possession of the property will be determined at trial. Where no trial is held, a plaintiff should not be permitted simply to retain the property without making whatever additional showing the court deems necessary to establish its right to possession, and without affording the defendant an opportunity to demonstrate that the property was wrongfully taken. We agree with the observation of the court in *J.I. Case Co. v. United Virginia Bank, supra*, that, when a plaintiff voluntarily dismisses its claims, the defendant should not be required to institute a separate proceeding, carry the burden of establishing rights to the property, and, if successful, attempt to collect the property or its value from the plaintiff.

Finally, although Prefer's noncompliance with the discovery rules may properly have warranted a sanction of dismissal of his affirmative claims, we decline to conclude, as PharmNetRx urges, that such noncompliance either eliminated PharmNetRx's obligation to establish its right to the property or

barred Prefer from showing that some or all of the replevied items were wrongfully taken.

## VII.

Prefer also contends that the trial court erred in not awarding him attorney fees when PharmNetRx dismissed its claims just prior to trial. We conclude that the issue of attorney fees must be reconsidered on remand.

As noted, when the trial court granted the motion to dismiss, it indicated that it would defer ruling on Prefer's request for attorney fees. Prefer then filed a request for fees "pursuant to ... [PharmNetRx's] motion to dismiss all claims pursuant to C.R.C.P. 41(a)." He sought some $205,000 in fees and costs he claimed to have spent over almost two years in defending against claims that were "substantially groundless and frivolous from the onset." The trial court declined to award fees because it concluded that Prefer had not sufficiently pled a request for attorney fees under the "frivolous and groundless" statute, § 13–17–102, C.R.S.2000.

On appeal, Prefer concedes that, as a non-attorney, he is not entitled to recover compensation for his own time. *See Smith v. Furlong*, 976 P.2d 889 (Colo.App.1999). However, he maintains that he is still entitled to recover the $57,834 he paid to the attorneys who originally represented him in the trial court proceedings. We conclude that further proceedings are required to determine whether he should be awarded any or all of these fees.

A mere request for attorney fees in a prayer for relief is insufficient to state a claim for fees under § 13–17–102. *Township Homeowners Ass'n v. Arapahoe Roofing & Sheet Metal Co.*, 844 P.2d 1316 (Colo.App. 1992). However, Prefer made a more specific request for such fees when he stated, in his reply to the counterclaims asserted against him, that the " 'ANSWERING DEFENDANTS' with full knowledge and represented by counsel, have failed to state any claim which may have merit or proper grounds, and therefore are frivolous, which would entitle the Defendant to Attorney fees."

We need not decide whether, as the trial court ruled, such a request is insufficient to state a claim for fees under § 13–17–102. Prefer's request for fees was based, not on § 13–17–102, but on the last-minute voluntary dismissal of PharmNetRx's claims. The court had indicated its belief that it had discretion under C.R.C.P. 41(a)(2) to assess attorney fees as a condition of granting the motion to dismiss, and Prefer's request for fees referenced that rule.

An award of attorney fees as a condition of voluntary dismissal under C.R.C.P. 41(a)(2) is not subject to the same considerations and limitations that apply to fees under § 13–17–102. *See American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352 (Colo.1994). Thus, we conclude that a failure to plead a sufficient claim for fees under § 13–17–102 does not preclude a court from assessing fees as a condition of granting a motion for voluntary dismissal. Accordingly, on remand, Prefer should be afforded the opportunity to establish his entitlement to any actual attorney fees he incurred as a result of PharmNetRx's voluntary dismissal of its claims against him.

## VIII.

We do not find Prefer's appeal frivolous and, therefore, deny PharmNetRx's request for its attorney fees on appeal. *See* C.A.R. 38(d); *Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925 (Colo.1993).

The order denying attorney fees is reversed, the judgment of dismissal is reversed to the extent it held that PharmNetRx was entitled to retain possession of the replevied property, and the cause is remanded for further proceedings on these issues in accordance with the views set forth here. In all other respects, the trial court's orders and judgment are affirmed.

Judge JONES and Judge DAVIDSON concur.