Margaret I. PULLEN, Plaintiff–Appellant,

v.

Robert Lewis WALKER, Jr., Defendant–Appellee.

No. 06CA2238.

Colorado Court of Appeals, Div. III.

June 12, 2008.

Certiorari Denied Jan. 6, 2009.

Margaret I. Pullen, Pro Se.

Gregory R. Giometti & Associates, P.C., Gregory R. Giometti, Adam B. Kehrli, Christopher S. Essick, Aspen, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiff, Margaret I. Pullen, appeals the district court's order dismissing her complaint with prejudice as a sanction for her willful, deliberate, and intentional violations of her discovery obligations. We affirm.

## I. Background

Plaintiff, acting pro se, filed this action after she was hit by a car driven by defendant, Robert Lewis Walker, Jr., while she was crossing the street. Due to plaintiff's repeated refusals to appear for her deposition and to answer questions in her deposition, the court appointed a special master to preside over plaintiff's deposition. As a result of plaintiff's continued refusal to comply with her discovery obligations and court orders, the court subsequently ordered the special master to hear all discovery matters, to order sanctions (short of dismissal), and, if the special master determined the sanction of dismissal was warranted, to prepare a report with findings and recommendations.

The special master ultimately submitted findings and a recommendation of dismissal to the court. After giving plaintiff an opportunity to submit objections, the court adopted the special master's findings and recommendation.

## II. Discussion

On appeal, plaintiff proffers a host of arguments, most of which consist of largely incomprehensible personal attacks on defendant, his attorneys, various district court judges, the special master, and the judicial system itself. Nonetheless, we discern three substantial arguments from plaintiff's briefs: (1) the court lacked jurisdiction over her case because of the referral to the special master, who was not an active judge; (2) the court erred in giving the special master broad power over discovery matters; and (3) she complied with all "lawful" discovery obligations and orders, and therefore the court erred in dismissing her complaint. We reject each of these contentions.

## A.  Special Master

C.R.C.P. 53, which governs the power of a court to appoint a master, provides in relevant part as follows:

(a) Appointment and Compensation. The court in which any action is pending may appoint a master therein.  As used in these rules the word "master" includes a referee, an auditor, and an examiner. . . .

(b) Reference. A reference to a master shall be the exception and not the rule.  In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it.

(c) Powers. The order of reference to the master may specify or limit the master's powers and may direct the master to report only upon particular issues, or to do or perform particular acts or to receive and report evidence only. . . . Subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before the master and to do all acts and take all measures necessary or proper for the efficient performance of the master's duties under the order.  The master may require the production before the master of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto.  The master may rule upon the admissibility of evidence unless otherwise directed by the order of reference and has the authority to put witnesses on oath and may himself (or herself) examine them and may call the parties to the action and examine them upon oath.  When a party so requests, the master shall make a record of the evidence received, offered, and excluded in the same manner and subject to the same limitations as a court sitting without a jury.

Nothing in C.R.C.P. 53 requires that the master be an active judge.  Plaintiff has not cited any legal authority holding that there is such a requirement, and we have found none.

■ Clearly, a court cannot delegate to a master the authority to decide a case.  *See La Buy v. Howes Leather Co.,* 352 U.S. 249, 255–56, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957) (interpreting Fed.R.Civ.P. 53); *Gelfond v. Dist. Court,* 180 Colo. 95, 100, 504 P.2d 673, 675 (1972).  Here, however, the court expressly declined to delegate that authority to the master.  Rather, the court's order limited the authority of the master to deciding discovery disputes, ordering sanctions short of dismissal, and recommending dismissal, if warranted.

■ Though we are not aware of any Colorado appellate decision approving the appointment of a master to oversee the discovery process, the federal courts have approved such appointments where, as here, discovery has been significantly and continuously impeded by the contentious and obstructive actions of one or more parties. *See, e.g., Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 904 (7th Cir.1981) (interpreting a version of Fed.R.Civ.P. 53 that was substantially similar to the current version of C.R.C.P. 53); *First Iowa Hydro Elec. Co-op. v. Iowa–Illinois Gas & Elec. Co.,* 245 F.2d 613, 620, 625–26 (8th Cir.1957) (same); *Wachtel v. Health Net, Inc.,* 239 F.R.D. 81, 112 (D.N.J.2006); *Moreland v. State Farm Mut. Auto. Ins. Co.,* No. 06–CV–01075–REB–MJW, 2007 WL 1033453, at *3–4 (D.Colo. Apr. 3, 2007) (unreported order); *see also Curtis, Inc. v. Dist. Court,* 182 Colo. 73, 75 n. 2, 511 P.2d 463, 464 n. 2 (1973) (because Fed.R.Civ.P. 53(b) and C.R.C.P. 53(b) are substantially similar, federal decisions may be considered persuasive authority).  This result is consistent with the plain language of C.R.C.P. 53, which authorizes a court to appoint a master to act as a "referee."

In sum, the district court did not effectively divest itself of jurisdiction by appointing as a master a person who was not an active judge.  Nor did the district court exceed its authority under C.R.C.P. 53 in appointing a master to oversee discovery and in limiting the master's powers as ordered.

## B.  Dismissal

We review a district court's decision imposing sanctions for discovery violations, including dismissal, for an abuse of discretion. *Prefer v. PharmNetRx, LLC,* 18 P.3d 844, 849 (Colo.App.2000). Dismissal may be imposed as a sanction "for willful or deliberate disobedience of discovery rules, flagrant disregard of a party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations." *Id.* (citing *Nagy v. Dist. Court,* 762 P.2d 158 (Colo.1988), and *Lewis v. J.C. Penney Co.,* 841 P.2d 385 (Colo.App.1992)).

The special master found that plaintiff had repeatedly failed to comply with her discovery obligations, her disclosure obligations, and orders pertaining to discovery. The master further found that plaintiff's violations "have been of the highest degree— willful, deliberate and intentional." The record amply supports these findings.

Plaintiff's contention that she complied with all "lawful" obligations and orders is premised on her belief that any obligation or order with which she disagreed was unlawful. We see nothing unlawful, however, about any of those obligations or any of the discovery orders entered in this case. The fact plaintiff is proceeding pro se and therefore may not fully comprehend her legal obligations does not relieve her of the responsibility of complying with them, or of the consequences if she fails to do so. *Manka v. Martin,* 200 Colo. 260, 267, 614 P.2d 875, 880 (1980); *Prefer,* 18 P.3d at 850.

Accordingly, we conclude that the district court did not abuse its discretion in dismissing plaintiff's complaint.

The order dismissing plaintiff's complaint is affirmed.

Judge CASEBOLT and Judge RUSSEL concur.