24CA1189 Estate of Bove 12-11-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1189
Larimer County District Court No. 22PR24
Honorable Sarah B. Cure, Judge

---

In re the Estate of Carole Laverne Bove, deceased.

Rick Lee Bove,

Appellant,

v.

Robin Lynn Kaltenberger,

Appellee.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Harris and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

---

Rick Lee Bove, Pro Se

Fischer Law Group, P.C., Erik G. Fischer, Ashleigh Bravo, Fort Collins, Colorado, for Appellee

¶ 1        Rick Lee Bove appeals the denial of his petition to set aside a

quitclaim deed from the decedent, Carole Laverne Bove, to Robin

Lynn Kaltenberger.[1]  He argues that (1) the version of the deed

admitted at the hearing violated the lost document statute, § 13-25-

113, C.R.S. 2025; and (2) the district court erred by not sanctioning

Kaltenberger for failing to produce the original deed.  We affirm.

## I.        Background

¶ 2        Bove and Kaltenberger are the adult children of the decedent.

In 2010, the decedent executed a will that devised $25,000 and her

interest in a condominium in Mexico to Bove and the remainder of

her estate to Kaltenberger.  The will designated Kaltenberger as the

personal representative of the estate.

¶ 3        The decedent died in 2021.  Four days later, Kaltenberger

recorded a quitclaim deed from the decedent to Kaltenberger for the

decedent's home.  The deed indicated that it had been signed and

notarized in 2017.  According to Kaltenberger, she did not want to

record it right away and was advised by counsel that she could

record it after the decedent's death to avoid probate.  Bove, who had

---

[1] Because the decedent shares the same last name as appellant, we
refer to her as the decedent and appellant by his last name.

previously lived in the home and used it as his address, disputed the validity of the deed.  He also claimed that, in 2018, the decedent had executed a holographic will bequeathing the home to him.

¶ 4     Bove filed an application to be appointed the personal representative of the estate.  He asserted that there was no valid will (other than the alleged holographic will) and that Kaltenberger had "disqualified herself as a potential [p]ersonal [r]epresentative]" by, among other things, filing a "false and fraudulent" deed.  Kaltenberger objected and filed a petition for formal probate of the 2010 will and appointment of herself as personal representative.

¶ 5     Bove then filed a motion to compel production of the original quitclaim deed for inspection by a forensic document examiner.  He alleged that the deed was false and fraudulent because (1) the address on the first page of the deed did not exist until 2020; (2) the notary did not have a journal entry for the signatures; and (3) the decedent did not appear before a notary with Kaltenberger on the date of the deed.  The district court granted the motion to compel, ordering Kaltenberger to produce the original deed for inspection.

¶ 6     Kaltenberger made what she said was the original deed available for inspection by Bove's expert in August 2022.  But Bove

still was not satisfied, asserting that the deed was "nothing more than a digitally produced forgery" without original signatures.

¶ 7     Bove then filed a petition to set aside the quitclaim deed. In addition to what he had said in his motion to compel, he explained that his expert had found "irregularities that raise serious and legitimate concerns over the authenticity of the [deed]," including that the signature "did not match multiple exemplar signatures." He again asserted that the deed Kaltenberger had made available was "a copy (or electronically altered document)," not the original.

¶ 8     The district court held a two-day hearing on Bove's petition (and other matters related to the administration of the estate). On the first day of the hearing, Kaltenberger testified that she had replaced the first page of the deed after the decedent died (but before it was recorded) to reflect her current address. Bove then asked Kaltenberger where the original deed was, and Kaltenberger said her counsel had it. At first, Kaltenberger's counsel responded that he could not find the original deed. But after further discussion, he clarified that he had the original deed that was returned by the clerk and recorder — which was the same document he had made available to Bove's expert — but had not

brought it to the hearing because he thought it "wasn't in dispute." Kaltenberger's counsel agreed to bring that document the next day.

¶ 9     The next day, Kaltenberger's counsel provided the court with two "original" versions of the deed.  The first, identified as Exhibit F, was the deed that was recorded by the clerk and recorder, along with the envelope it was returned in.  The deed was trifolded, as if to fit in an envelope, and had a physical sticker from the clerk and recorder on it.  The second, identified as Exhibit G, was the deed as it was signed, with the original address.  Kaltenberger's counsel moved to admit both exhibits, and Bove said he had no objection.

¶ 10    Bove then asked Kaltenberger's counsel if he had found the original second page of the deed with the original signatures and notary stamp.  Counsel said he did not know whether Exhibit G was "original" or not, but it was what Kaltenberger was handed by the decedent and what Kaltenberger had then given her counsel.

¶ 11    After the hearing, Bove filed a written closing argument and motion for judgment as a matter of law, arguing for the first time that the deed should be set aside because the deeds that were admitted at the hearing did not satisfy the lost document statute, § 13-25-113.  He also asked the court to enter judgment in his favor

as a discovery sanction under C.R.C.P. 37(c) because Kaltenberger had violated the court's order to produce the original deed.

¶ 12    The district court denied Bove's petition to set the deed aside.[2] Although the court could not determine whether Exhibit G was the original deed or a reproduction, it concluded that there was no basis to invalidate the deed because (1) Kaltenberger's change of the address on the deed was an immaterial "clerical" change; (2) Bove did not contest the decedent's signature on the deed;[3] and (3) even if the deed was invalid, it would not impact the distribution of the estate because Kaltenberger would still receive the home under the will.  The court did not explicitly address Bove's argument regarding the lost document statute or his request for discovery sanctions.

## II.    Lost Document Statute

¶ 13    Bove contends that the district court erred by failing to set the quitclaim deed aside under the lost document statute.  He argues

---

[2] The district court also concluded that the 2010 will was valid, found that Bove failed to prove the existence of the 2018 holographic will, and appointed Kaltenberger as personal representative.  Those rulings are not at issue in this appeal.

[3] Bove's expert died before the hearing, and Bove did not present any expert testimony regarding the authenticity of the signatures.

that Kaltenberger could not rely on Exhibit F or Exhibit G to prove the validity of the deed because they were not "originals" and there was no testimony that the original deed was lost.[4]  We disagree.

¶ 14    The lost document statute provides:

> When, in the progress of any suit in any court in this state, either party thereto relies for its maintenance or defense, in whole or in part, on any deed . . . or any other writing alleged to have been executed, signed, or written by the adverse party, and to have been lost or destroyed, the party so relying on the same as evidence in his behalf in the trial of the cause shall not be permitted to give evidence of the contents thereof by a competent witness until said party or his agent or attorney first makes an oath to the loss or destruction thereof, and to the substance of the same.

§ 13-25-113.

¶ 15    Importantly, this is an evidentiary rule, not a substantive one. In other words, it sets forth a condition for the *admission of evidence* of a deed alleged to have been lost or destroyed.  *See*

---

[4] We reject Kaltenberger's argument that the issue is moot because she would receive the property under the will anyway.  The issue raised by Bove's petition and on appeal is not who owns the property but whether the deed is valid.  Even if Kaltenberger would end up with the property regardless, the validity of the deed may be relevant to how and when she received title, which Bove asserts may be relevant to his separate civil action against Kaltenberger.

*Decker v. Browning-Ferris Indus. of Colo., Inc.*, 903 P.2d 1150, 1155 (Colo. App. 1995), *aff'd in part and rev'd in part on other grounds*, 931 P.2d 436 (Colo. 1997).  Once such evidence has been admitted, the substance of the document is a question for the trier of fact.  *Id.*

¶ 16    This is important because Bove did not object to the admission of either Exhibit F or Exhibit G.  To preserve an evidentiary objection for appeal, a party must make a timely and specific objection when the evidence is admitted.  *See Rinker v. Colina-Lee*, 2019 COA 45, ¶ 25; CRE 103(a)(1).  Thus, having failed to object to the admission of the exhibits during the hearing, much less under the lost document statute, Bove could not preserve the issue by raising it in his post-hearing brief.  *See Rinker*, ¶ 25 ("To be timely, a party must assert the objection or request for relief contemporaneously with the allegedly erroneous action.").  We generally do not address unpreserved errors in civil cases.  *Id.* at ¶ 22; *see also Fuels Rsch. Corp. v. Roberts*, 458 P.2d 751, 754 (Colo. 1969) (declining to consider alleged evidentiary error where exhibit was admitted without objection).  And once Exhibits F and G were admitted, the district court could consider them in determining whether there was a valid deed.  *See Decker*, 903 P.2d at 1155.

¶ 17    But even if we consider Bove's argument on the merits, the lost document statute does not apply for three reasons. First, the deed was not a document "alleged to have been executed, signed, or written by the adverse party." § 13-25-113. Because Kaltenberger was the party relying on the deed, the statute would apply only if she claimed it was signed *by Bove*, her adverse party. The statute does not apply to a document signed by the party offering it.

¶ 18    Second, Kaltenberger did not allege that the deed was "lost or destroyed." *Id.* To the contrary, she testified that she gave the original deed — with "wet ink" signatures — to her counsel, and her counsel confirmed that Exhibit G was the "exact cop[y]" that Kaltenberger had given him.[5] Moreover, the trifold of Exhibit F and physical sticker on that document support the conclusion that it was the actual deed that the clerk recorded and returned to Kaltenberger. Only Bove claimed that neither exhibit was the "original." Bove could certainly dispute the authenticity of the deed,

---

[5] Although Kaltenberger's counsel initially said he could not find the original deed, he later clarified that Exhibits F and G were exactly "what [he] was handed [by Kaltenberger] as it relates to the deeds."

as he did, but the lost document statute does not preclude a party from relying on what the party claims to be the deed itself.[6]

¶ 19     Third, and relatedly, Kaltenberger did not seek to prove the contents of the deed through witness testimony.  *See id.* (restricting the introduction of evidence of the contents of the lost document "by a competent witness"); *cf. Deckers*, 903 P.2d at 1154 (addressing admission of "testimony regarding the existence and contents" of an alleged policy of which "[n]o original or copy . . . was introduced at trial"); *Walker v. Drogmund*, 74 P.2d 1235, 1237-38 (Colo. 1937) (rejecting oral testimony about alleged agreement concerning transfer of land).  Rather, she relied on the deed itself.

¶ 20     Bove also cites CRE 1002, which requires an original writing, and CRE 1003, which allows admission of a duplicate to the same extent as an original unless (1) there is a genuine question as to the authenticity of the original, or (2) it would be unfair under the

---

[6] The district court noted in its final order that it could not determine whether Exhibits F and G were originals or reproductions.  But the lost document statute applies when a party relies on a document "alleged . . . to have been lost or destroyed." § 13-25-113, C.R.S. 2025.  It does not preclude a party from relying on a document it produces and introduces at the hearing simply because there is a dispute over the document's authenticity.

circumstances to admit the duplicate. But again, Bove failed to preserve this issue by not objecting when the exhibits were admitted. *See Rinker*, ¶ 25. Thus, the district court had no reason to determine, for purposes of admissibility, whether Exhibits F and G were "originals," and if not, whether either exception to CRE 1003 applied. Because the issue was not preserved, we do not consider the admissibility of these exhibits under CRE 1002 or CRE 1003 (or, as Kaltenberger argues, under CRE 1004). *See Rinker*, ¶ 22.

¶ 21     We therefore conclude that the district court did not err by admitting Exhibits F and G or by relying on those documents in denying Bove's petition to set aside the quitclaim deed.

### III.     Discovery Sanctions

¶ 22     Bove also argues that the district court erred by failing to consider his request for C.R.C.P. 37(c) sanctions against Kaltenberger for failing to produce Exhibit G — the "original" signed deed — until the second day of the hearing. We again disagree.

¶ 23     Under C.R.C.P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by C.R.C.P. 26(a) or 26(e) shall not be permitted to present any evidence not so disclosed at trial . . . unless such failure has not caused and will

10

not cause significant harm, or such preclusion is disproportionate to that harm." The district court may also impose "any other sanction proportionate to the harm." *Id.* We review the district court's denial of discovery sanctions for an abuse of discretion, which occurs when the court's decision is "manifestly arbitrary, unreasonable, or unfair." *Winkler v. Shaffer*, 2015 COA 63, ¶ 7.

¶ 24    On appeal, Bove asserts only that the district court should have imposed "evidence-preclusion" sanctions — presumably, by excluding Exhibit G. But as we note above, Bove did not ask the court to exclude Exhibit G. Nor did he indicate at the time that Kaltenberger had failed to produce Exhibit G during discovery. By the time he raised that issue in his post-hearing brief, the court could not "preclude" the evidence because it had already been admitted. And Bove offered no explanation as to why he could not have raised the issue sooner. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66 (holding that evidentiary objection made for the first time in a post-trial motion was waived). Thus, to the extent Bove asserts that the court should have sanctioned Kaltenberger by excluding Exhibit G, he failed to preserve that argument, and we do not address it. *See Rinker*, ¶ 22.

¶ 25    In his post-hearing brief, Bove asked the district court to strike Kaltenberger's answer and enter judgment in Bove's favor. He does not argue for this sanction on appeal. But even assuming it is encompassed by Bove's appellate argument, the district court did not abuse its discretion by implicitly concluding that such a drastic sanction was not warranted. *See Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 571 (Colo. 2009) (noting that dismissal as a discovery sanction is "a drastic remedy, only to be applied in 'extreme circumstances'" (citation omitted)).

¶ 26    First, the record does not establish that there was a discovery violation. Kaltenberger's counsel told the district court that he "produced what [he] had" to Bove's expert, and when Exhibit G was introduced, Bove gave no indication he had not previously received it. Moreover, to the extent Bove argues that Kaltenberger violated the court's order requiring her to produce the "original" quitclaim deed, Bove acknowledged that, in response to that order, Kaltenberger produced "the original [deed] that was recorded with the Larimer County Clerk and Recorder," which had "the Clerk and Recorder's original sticker . . . affixed" to it — i.e., Exhibit F.

¶ 27    Second, even if Kaltenberger did not produce Exhibit G until the hearing, Bove does not develop any argument as to why judgment in his favor would have been a proportionate sanction for that one belated disclosure. *See Cath. Health Initiatives Colo. v. Earl Swensson Assocs., Inc.*, 2017 CO 94, ¶ 15; *cf. Prefer v. PharmNetRx, LLC*, 18 P.3d 844, 850 (Colo. App. 2000) ("Dismissal, the severest form of sanction, is generally appropriate only for willful or deliberate disobedience of discovery rules, flagrant disregard of a party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations.").

¶ 28    Bove argues only that production of mandated disclosures during the hearing is categorically not harmless. *See Prefer*, 18 P.3d at 850. But he did not object when Exhibit G was introduced, did not express surprise, did not request any remedy, and did not (until his post-hearing brief) suggest that Kaltenberger had acted in bad faith or willfully. *See Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 978 (Colo. 1999) (listing considerations relevant to whether a failure to disclose is harmless). Nor does he explain *how* he was prejudiced by having the recorded deed but not the signed

one, when Kaltenberger admitted to changing the address on the first page — which was the only difference between the two.

¶ 29 Under these circumstances, the district court did not abuse its discretion by not imposing sanctions under C.R.C.P. 37(c).

IV. Kaltenberger's Request for Attorney Fees

¶ 30 Kaltenberger requests an award of her appellate attorney fees and costs under C.A.R. 38(b) on the ground that Bove's appeal is frivolous. We deny that request. Although Bove has not prevailed in this appeal, we do not view his arguments as so lacking in a rational basis as to warrant an award of fees. *See Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (noting that awards of attorney fees for frivolous appeals should be reserved for "clear and unequivocal" cases involving "egregious conduct" (citation omitted)).

V. Disposition

¶ 31 The order is affirmed.

JUDGE HARRIS and JUDGE JOHNSON concur.